UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

UNITED STATES OF AMERICA

- v. -

LAURENCE F. DOUD III,

Defendant.

------------------------------------



~~Protective~~ Order

19 Cr. 285 (GBD)

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. Disclosure Material. The Government has made and will continue to make disclosures to the defendant of documents, objects, and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. Sensitive Disclosure Material. Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that reflects personal identification information, including but not limited to addresses, phone numbers, social security numbers, dates of birth, and/or account numbers. All disclosure material that identifies by name

individuals, other than law enforcement agents, who have provided information to law enforcement agents in connection with the investigation and prosecution of this case (including but not limited to proffer and cooperation agreements, and notes or recordings of proffer and witness preparation sessions) shall be deemed sensitive disclosure material. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

3. Business Confidential Information. Certain of the Government's disclosure material, referred to herein as "business confidential information," contains information that may reveal trade secrets or other information that may cause financial loss or other harm to an affected business entity, including but not limited to Rochester Drug Co-Operative, Inc. ("RDC"). All disclosure material that has been produced by RDC (as indicated with the control number prefix RDC17_) shall be deemed business confidential information. The Government's designation of material as business confidential information will be controlling absent contrary order of the Court.

4. Facilitation of Discovery. The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

5. Good Cause. There is good cause for entry of the protective order set forth herein.

ACCORDINGLY, IT IS HEREBY ORDERED:

6. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, shall not disclose any disclosure material to the media or any third party except as set forth below, and shall not disclosure or use any disclosure material in any civil proceeding or litigation.

7. Disclosure material that is not sensitive disclosure material or business confidential information may be disclosed by counsel to: (a) personnel or third-party vendors for whose conduct counsel is responsible, *i.e.*, personnel or vendors employed by or retained by counsel, as needed for purposes of defending this action; and (b) prospective witnesses for purposes of defending this action.

8. Sensitive disclosure material shall be kept in the sole possession of counsel; shall not be reviewed or maintained by the defendant outside the presence of counsel; shall not be copied or otherwise recorded by the defendant; and may be disclosed by counsel only to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action.

9. Business confidential information shall be kept in the sole possession of counsel or the defendant; and may be disclosed by counsel only to personnel for whose conduct counsel is

responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action.

10. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

11. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

12. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various computers, cell phones, and other devices and storage media. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

13. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

14. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

By: _____          Date:  5/8/2019
Nicolas Roos
Stephanie Lake
Louis Pellegrino
Alexandra Rothman
Assistant United States Attorneys

_____              Date:  5/8/19
Robert C. Gottlieb, Esq.
Derrelle M. Janey, Esq.
Counsel for the Defendant

SO ORDERED:

Dated: New York, New York
       May 8, 2019

MAY 0 8 2019  _____
              HONORABLE GEORGE B. DANIELS
              UNITED STATES DISTRICT JUDGE