```
J58JDOUC                       Conference

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                                19 Cr. 285 GBD

LAURENCE F. DOUD III,

                Defendant.

------------------------------x

                                              May 8, 2019
                                              10:57 a.m.



Before:

                    HON. GEORGE B. DANIELS,

                                              District Judge



                          APPEARANCES


GEOFFREY S. BERMAN,
     United States Attorney for the
     Southern District of New York
NICOLAS TYLER LANDSMAN ROOS,
     Assistant United States Attorney


GOTTLIEB & JANEY, LLP,
     Attorneys for defendant Doud
BY:  ROBERT CURTIS GOTTLIEB, Esq.
     DERRELLE MARCEL JANEY, Esq.
               Of counsel
```

1              (In Open Court)

2              (Case called)

3              THE COURT:  Good morning.  Let me start with the

4     government.  What is the status from the government's

5     perspective?

6              MR. ROOS:  Your Honor, the defendant was arrested,

7     presented and arraigned pursuant to your Honor's referral

8     approximately two weeks ago before a magistrate judge.  Your

9     Honor had scheduled at that time today's initial pretrial

10    conference.  Since the defendant has been arraigned, the order

11    of business is really to discuss the status of the government's

12    discovery production and set whatever schedule your Honor

13    believes is appropriate.

14             Time was excluded up to today's date by the magistrate

15    judge.  In terms of discovery, it is very voluminous in this

16    case.  We are going to make multiple rounds of productions.  I

17    have a protective order signed by the parties for your Honor's

18    review and approval, but I will pass up to your Deputy at the

19    end of today's conference.

20             Once the protective order is entered, we have a CD

21    containing some discovery to provide to defense counsel today.

22    That includes, among other things, a search warrant and search

23    warrant affidavit that was previously executed.  That is the

24    only search warrant that exists at this time, but potentially

25    it can be the basis for motion practice.

1       Later this week or next week we anticipate making a
2  second discovery production.  That discovery production is
3  highly voluminous, contains nearly a million documents
4  collected in the course of the government's investigation.
5       Defense counsel previously provided us with a hard
6  drive.  The reason why we are not presenting it today, it
7  literally has taken days to load the data onto the hard drive.
8  We'll likely make at least one more production after that.  It
9  may come out at the same time as the hard drive.  That will be
10 a catchall, any additional documents obtained pursuant to grand
11 jury subpoena or other investigative techniques.
12      Of course, as the government's investigation
13 continues, and if we uncover additional evidence, we'll
14 disclose it to defense counsel.
15      THE COURT:  How much time does defense want to review
16 that material before we come back to court?
17      MR. GOTTLIEB:  Your Honor, thank you very much.
18      As you've now been informed, and we knew that this
19 case is going to involve hopefully only one hard drive, but
20 perhaps more, and I know your Honor is well aware that
21 oftentimes even with the best intentions today, the rolling
22 discovery may be more rolling over time than anticipated today.
23      If I could suggest setting another status conference
24 perhaps even AT the end of July, your Honor, hopefully the
25 discovery will be completed, but certainly by then I think

|     |                                                                      |
| --- | -------------------------------------------------------------------- |
| 1   | we'll be in a position then to inform the court and the              |
| 2   | government as far as any scheduling for motions.                     |
| 3   |         THE COURT:  How is July 31, at 10:00 o'clock?                |
| 4   |         MR. GOTTLIEB:  That is very fine, your Honor.  Thank         |
| 5   | you.                                                                 |
| 6   |         THE COURT:  We'll adjourn until that day.  Is there         |
| 7   | anything further by the government?                                  |
| 8   |         MR. ROOS:  Two matters, your Honor.                          |
| 9   |         So, first, to apprize the court sort of the                  |
| 10  | government's intention regarding one aspect of the discovery         |
| 11  | production, there are certain documents that the government         |
| 12  | obtained from Rochester Drug Cooperative, which is the               |
| 13  | defendant's former employer.  They were processed through what       |
| 14  | we call a filter or taint team, which are a group of attorneys       |
| 15  | who are not part of the investigative team to review for             |
| 16  | potential privilege.                                                 |
| 17  |         There is an aspect of those documents which our team         |
| 18  | deemed to be potentially privileged and intends to return them       |
| 19  | to Rochester Drug Cooperative which holds the privilege and not      |
| 20  | produced to defense counsel.  Under our reading of the law,          |
| 21  | because those were deemed privileged, and the company has not        |
| 22  | waived them, they're not technically in the government's             |
| 23  | possession.                                                          |
| 24  |         The reason I am raising this now, your Honor, is             |
| 25  | because, frankly, the government doesn't have -- and                 |

1    particularly the agents who are part of the litigation team,

2    the AUSA part of the litigation team here -- they don't have a

3    view whether or not these documents should be part of the case.

4    They're privileged or at least potentially privileged.  I am

5    putting it on the record.  That way defense counsel can

6    contemplate whether or not they have any motion which would

7    probably go to RDC's invocation of privilege.

8            MR. GOTTLIEB:  This raises a very interesting

9    question.  We're aware of many, many documents that have been

10   out there because there has been an ongoing civil proceeding.

11   I am concerned that if the government has obtained information

12   by way of subpoena or otherwise, for the government to

13   unilaterally decide it's privileged; and, therefore, to return

14   it to RDC may impede and interfere with our rights under Rule

15   16 and otherwise.

16           Therefore, I would request that nothing be returned

17   that is presently in the government's possession.  I think it

18   is a legal fiction, not with any ulterior motives, but to say

19   it is not in the government's possession.  It is in the

20   government's possession, but for apparently some review which

21   determined that it's privileged, which we might object to

22   ultimately.

23           It might properly be turned over.

24           Just initially without looking into it further, your

25   Honor, I would ask that anything that has been obtained by the

J58JDOUC                        Conference

1     government be held by the government.  We certainly will engage

2     in conversations with the government about these items without

3     asking them to disclose the specifics, but there may have

4     already been a waiver of what the government believes creates a

5     privilege, a waiver, because of this civil proceeding, it may

6     have already been turned over or waived waived.  There are,

7     your Honor, all I am asking is for the government not to return

8     anything until we can have (therefore have further discussions

9     with the government and if need be, then to file any

10    appropriate motion with the court.  Therefore.

11              THE COURT:  Mr. Ruse?

12              MR. ROOS:  That is certainly fine, your Honor.  I

13    think both parties may have not had a sufficient amount of time

14    to raise this issue to look at the law.  We're certainly happy

15    to instruct the filter attorneys to maintain the documents as

16    they are, not destroy or release them backwards, sort of hold

17    that in abeyance until -- I think probably until a motion

18    schedule is set for pretrial motions in this case and that

19    probably could certainly be part of defense counsel's motion

20    practice if it is not an issue that is resolved sooner.

21              I just want to make it clear that those documents are

22    not ones to be produced because the case AUSAs frankly don't

23    have access to them.

24              THE COURT:  The party at this point has asserted the

25    privilege as to those?

1           MR. ROOS:  That's correct, your Honor.

2           THE COURT:  We'll proceed that way.  Anything further

3    roots ruse the only other matter, your Honor, is that the

4    government would move to exclude time between today's date and

5    July 31, 2019, at 10:00 am so that the government can produce

6    discovery, defense counsel can review discovery so that the

7    parties can discuss the instant matters related to any

8    potential pretrial motion practice since the defense counsel

9    can contemplate motions and it is the government's view that

10   those considerations outweigh the need for the public or the

11   defendant in a speedy trial and therefore, contracts --

12          THE COURT:  Any objection?

13          MR. GOTTLIEB:  No.

14          THE COURT:  I will exclude the time in the interests

15   of justice between now and July 31.  I will see all the parties

16   on that date at 10:00 o'clock.

17          (Court adjourned)