UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>LAURENCE F. DOUD III,<br><br>                    Defendant, | Protective Order<br><br>Case No. 19 Cr. 285 (GBD)<br><br>**SO ORDERED:**<br><br>*George B. Daniels*<br>George B. Daniels, U.S.D.J.<br><br>Dated: DEC 0 7 2020 |

        Upon the application of Rochester Drug Co-operative, Inc. ("RDC"), with the consent of the undersigned counsel, and Laurence Doud III ("Defendant") having requested discovery under Fed. R. Crim. P. 17(c), the Court hereby finds and orders as follows:

        **1.**     **Disclosure Material.** RDC will disclose responsive objects and information, including electronically stored information ("ESI"), to the Defendant, pursuant to the October 7, 2020 Court order issued under Fed. R. Crim. P. 17(c) and any subsequent agreements by the parties to limit disclosure called for by the October 7, 2020 order, all of which will be referred to herein as "disclosure material."

        **2.**     **Sensitive Disclosure Material.** Certain of RDC's disclosure material, referred to herein as "Sensitive Disclosure Material," contains material that affects the privacy, confidentiality, and business interests of individuals (*e.g.*, financial information and bank account numbers). Any Sensitive Disclosure Material produced by RDC in this action shall be Bates-stamped with the designation "Confidential" or otherwise identified by RDC to counsel for the Defendant as subject to the provisions of this Order. RDC's designation of material as Sensitive Disclosure Material will be controlling absent contrary order of the Court.

        **3.**     **Facilitation of Discovery.** The entry of a protective order in this case will permit RDC to produce expeditiously the disclosure material without further litigation.

4.     **Good Cause.** There is good cause for entry of the protective order set forth herein.

5.     **Restrictions on Sensitive Disclosure Material.** Sensitive Disclosure Material disclosed to Defendant or to his counsel during the course of proceedings in this action:

   a. Shall be used by the Defendant and his counsel only for purposes of the defense of this action;

   b. Shall not be duplicated by the Defendant or his counsel except for purposes of the defense of this action;

   c. Shall be kept and maintained by the Defendant and his counsel in a secure container and location;

   d. Shall not be disclosed in any form by the Defendant or his counsel, including by posting to any Internet site or network site to which persons other than the parties hereto have access or by disclosing to the media or any third party, except as set forth in paragraph 5(e) below; and

   e. May be disclosed by the Defendant or his counsel only to the following persons (hereinafter "Designated Persons"), as needed for purposes of defending this action, including for purposes of any plea discussions:

      i.   investigative, secretarial, clerical, and paralegal personnel employed full-time or part-time by defense counsel;

      ii.  independent expert witnesses, investigators, or advisors retained by defense counsel in connection with this action;

      iii. other prospective witnesses, and his counsel, to the extent deemed necessary by defense counsel, for hearing or trial preparation;

      iv.  attorneys for the United States Government in this matter; and

    v.  such other persons as hereafter may be authorized by the Court upon motion by the Defendant.

6.  **Provisions for Designated Persons.** For any disclosure other than disclosures to attorneys for the United States Government under paragraph 5(e)(iv), or except as otherwise provided under paragraph 5, the Defendant or his counsel shall provide a copy of this Order to Designated Persons to whom they disclose Sensitive Disclosure Material pursuant to paragraph 5(e). The Defendant or his counsel shall maintain a record of all such Designated Persons to whom they provide Sensitive Disclosure Material. If Sensitive Disclosure Material is provided to any prospective witnesses, pursuant to paragraph 5(e)(iii), counsel shall make reasonable efforts to seek the return or destruction of such materials in accordance with paragraph 7 below. Prior to disclosure of Sensitive Disclosure Material to Designated Persons, pursuant to paragraph 5(e), any such Designated Person shall agree to be subject to the terms of this Order by signing a copy hereof and stating that they "Agree to be bound by the terms herein," and providing such copy to the Defendant's counsel. However, the Defendant and his counsel need not obtain signatures from any member of the defense team (*i.e.*, attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the Defendant in this case), all of whom are nonetheless bound by this Protective Order.

7.  **Return or Destruction of Sensitive Disclosure Material.** Except for Sensitive Disclosure Material that has been made part of the record in this case, the Defendant and his counsel shall return to RDC or securely destroy or delete all Sensitive Disclosure Material within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the United States Government dismissing any charges in the above-captioned case, whichever date is later.

8. **Protection of Sensitive Disclosure Material.** The Defendant and his counsel shall use reasonable care to ensure that the Sensitive Disclosure Material is not disclosed or disseminated to any third parties in violation of this Protective Order. In the event of an inadvertent disclosure of Sensitive Disclosure Material, the Defendant or his counsel shall promptly notify the Court and the Government as to the identity of the recipient of the inadvertently produced Sensitive Disclosure Material and shall use reasonable efforts to secure the return or destruction of the inadvertently produced Sensitive Disclosure Material.

9. **Use of Sensitive Disclosure Material at Public Hearings and Trial.** The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, any appeal therefrom, or sentencing proceeding held in connection with the above-referenced action or to any District Judge or Magistrate Judge of this Court (or his staff) for purposes of the above-referenced action, provided, however, that Sensitive Disclosure Material referenced or included in any written filing should initially be publicly filed in redacted form or under seal, absent consent of RDC or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

10. **Retention of Jurisdiction.** The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

**AGREED AND CONSENTED TO:**

By: _____  Date: 12/4/2020
Brian M. Feldman
Counsel for Rochester Drug Co-operative

By: _____  Date: 12/3/2020
Derrelle Janey
Counsel for Laurence F. Doud III

4