```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA         :
                                       SUPERSEDING INDICTMENT
         - v. -                  :
                                       S1 19 Cr. 285 (GBD)
LAURENCE F. DOUD III,            :

              Defendant.         :

- - - - - - - - - - - - - - - - - - x
```

COUNT ONE
(Narcotics Conspiracy)

The Grand Jury charges:

1. From at least in or about January 2012, up to and including in or about March 2017, in the Southern District of New York and elsewhere, LAURENCE F. DOUD III, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that LAURENCE F. DOUD III, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances in a manner not authorized by law, in violation of 21 U.S.C. § 841(a)(1).

3. The controlled substances that LAURENCE F. DOUD III, the defendant, and others known and unknown, conspired to distribute and possess with intent to distribute were (i) a quantity of

mixtures and substances containing a detectable amount of oxycodone, in violation of 21 U.S.C. § 841(b)(1)(C), and (ii) 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

## COUNT TWO
(Conspiracy to Defraud the United States)

The Grand Jury further charges:

4. From at least in or about January 2012, up to and including in or about March 2017, in the Southern District of New York and elsewhere, LAURENCE F. DOUD III, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to defraud the United States and an agency thereof, to wit, the Drug Enforcement Administration.

5. It was a part and an object of the conspiracy that LAURENCE F. DOUD III, the defendant, and others known and unknown, willfully and knowingly, using deceit, craft, trickery, and dishonest means, would and did defraud the United States and an agency thereof, to wit, the Drug Enforcement Administration, thereby impeding, impairing, defeating and obstructing the lawful function of the agency.

6. In furtherance of the conspiracy and to effect its illegal objects, LAURENCE F. DOUD III, the defendant, and his co-

2

conspirators, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a. During the relevant time period, DOUD and his co-conspirators willfully and knowingly caused Rochester Drug Co-operative, Inc. not to make required reports of suspicious orders to the Drug Enforcement Administration.

b. During the relevant time period, DOUD and his co-conspirators falsely represented to the Drug Enforcement Administration that Rochester Drug Co-operative, Inc. was following written policies and procedures for monitoring and reporting suspicious orders.

c. During the relevant time period, DOUD and his co-conspirators falsely represented to the Drug Enforcement Administration that Rochester Drug Co-operative, Inc. was conducting due diligence on new customers before distributing controlled substances to those customers.

(Title 18, United States Code, Section 371.)

## FORFEITURE ALLEGATION

7. As a result of committing the offense alleged in Count One of this Indictment, LAURENCE F. DOUD III, the defendant, shall forfeit to the United States, pursuant to 21 U.S.C § 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and

all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendant personally obtained.

### Substitute Assets Provision

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third person; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____  _____
FOREPERSON           DAMIAN WILLIAMS
                  United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

LAURENCE F. DOUD III,

                       Defendant.

---

SUPERSEDING INDICTMENT

S1 19 Cr. 285

(18 U.S.C. § 371;
21 U.S.C. § 846)

DAMIAN WILLIAMS
United States Attorney

A TRUE BILL

_____
FOREPERSON

Superseding Indictment

CF
12/14/21

Gabriel W. Gorenstein
U.S.M.J.