UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x
                                                     :

UNITED STATES OF AMERICA               :

                                           :

        - v. -                      :                  S1 19 Cr. 285 (GBD)

                                           :

LAURENCE F. DOUD III,           :

                                           :

             Defendant.         :

-------------------------------------------------------------- X

## THE GOVERNMENT'S REQUESTS TO CHARGE

 

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Thomas Burnett
Nicolas Roos
Alexandra Rothman
Assistant United States Attorneys
     -Of Counsel-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                    :

UNITED STATES OF AMERICA         :
                                     :

          - v. -                   :               S1 19 Cr. 285 (GBD)
                                     :

LAURENCE F. DOUD III,          :
                                     :

              Defendant.        :
------------------------------------------------------------- X

## REQUESTS TO CHARGE

        Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

## TABLE OF CONTENTS

REQUEST NO. 1:    General Requests...................................................................................... 1

REQUEST NO. 2:    Summary of the Indictment..................................................................... 2

REQUEST NO. 3:    Multiple Counts......................................................................................... 3

REQUEST NO. 4:    Count One – Narcotics Conspiracy – General Instruction .................... 4

REQUEST NO. 5:    Count One – Narcotics Conspiracy – Elements ..................................... 5

REQUEST NO. 6:    Count One – Narcotics Conspiracy – First Element – Existence of Conspiracy . 6

REQUEST NO. 7:    Count One – Narcotics Conspiracy – First Element – Object of the Conspiracy 8

REQUEST NO. 8:    Count One – Narcotics Conspiracy – First Element – Object – Distribution ...... 9

REQUEST NO. 9:    Count One – Narcotics Conspiracy – Second Element – Membership.............. 12

REQUEST NO. 10:   Count One – Narcotics Conspiracy – Conscious Avoidance ............................ 15

REQUEST NO. 11:   Count One – Narcotics Conspiracy – Liability for Co-Conspirators ................ 18

REQUEST NO. 12:   Count One – Narcotics Conspiracy – Quantity .................................................. 19

REQUEST NO. 13:   Count Two – Conspiracy to Defraud – General Instruction ............................. 21

REQUEST NO. 14:   Count Two – Conspiracy to Defraud – Elements .............................................. 22

REQUEST NO. 15:   Count Two – Conspiracy to Defraud – First Element – Object ........................ 23

REQUEST NO. 16:   Count Two – Conspiracy to Defraud – Second Element – Membership ........... 25

REQUEST NO. 17:   Count Two – Conspiracy to Defraud – Third Element – Overt Act ................. 26

REQUEST NO. 18:   Venue ................................................................................................................. 28

REQUEST NO. 19:   Dates.................................................................................................................. 29

REQUEST NO. 20:   Stipulations........................................................................................................ 30

REQUEST NO. 21:   Particular Investigative Techniques Not Required............................................ 31

REQUEST NO. 22:   Use of Evidence Obtained Pursuant to Searches .............................................. 32

REQUEST NO. 23:   Uncalled Witnesses – Equally Available To Both Sides .................................. 33

REQUEST NO. 24:   Other Individuals Not on Trial ......................................................................... 34

REQUEST NO. 25:   Redactions.......................................................................................................... 35

REQUEST NO. 26:   Law Enforcement Witnesses.............................................................................. 36

REQUEST NO. 27:   Expert Witness ................................................................................................... 37

REQUEST NO. 28:   Cooperating Witnesses and Witnesses with Non-Prosecution Agreements....... 38

REQUEST NO. 29:   Immunized Witnesses ........................................................................................ 41

REQUEST NO. 30:   Preparation of Witnesses ................................................................................... 42

REQUEST NO. 31:   Defendant's Testimony ...................................................................................... 43

REQUEST NO. 32:   Defendant's Right Not to Testify ...................................................................... 44

REQUEST NO. 33:   Use of Charts and Summaries ........................................................................... 45

REQUEST NO. 34:   Concluding Remarks.......................................................................................... 46

<u>REQUEST NO. 1:  General Requests</u>

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.  Function of Court and Jury.

b.  Indictment Not Evidence.

c.  Statements of Court and Counsel Not Evidence.

d.  Rulings on Evidence and Objections.

e.  Burden of Proof and Presumption of Innocence.

f.  Reasonable Doubt.

g.  Government Treated Like Any Other Party.

h.  Definitions, Explanations, and Example of Direct and Circumstantial Evidence.

i.  Inferences.

j.  Credibility of Witnesses.

k.  Jury's Recollection Controls.

l.  Right to See Exhibits and Have Testimony Read During Deliberations.

m.  Sympathy: Oath of Jurors.

n.  Punishment is Not to Be Considered by the Jury.

o.  Verdict of Guilt or Innocence Must Be Unanimous.

<u>REQUEST NO. 2:  Summary of the Indictment</u>

The defendant, LAURENCE DOUD, has been charged in what is called an Indictment.  An Indictment is simply an accusation.  It is not evidence.  I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of the charged offenses.  A copy of the Indictment will be given to you during your deliberations.

The Indictment contains two counts or "charges."  Count One of the Indictment charges DOUD with participating in a conspiracy to violate the narcotics laws of the United States.  Count Two charges DOUD with participating in a conspiracy to defraud the United States, specifically the Drug Enforcement Administration or DEA.

2

REQUEST NO. 3:   Multiple Counts

Each count charges a different crime.   You must consider each count of the Indictment separately, and you must return a separate verdict as to each Count.   The case on each count stands or falls upon the proof or lack of proof.   I am now going to discuss the counts of the Indictment in order.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 3-8.

3

REQUEST NO. 4:    Count One – Narcotics Conspiracy – General Instruction

As I said, Count One charges LAURENCE DOUD with participating in a conspiracy to violate the narcotics law of the United States.  Count One charges, and I am reading now from the Indictment, that:

> From at least in or about January 2012, up to and including in or about March 2017, in the Southern District of New York and elsewhere, LAURENCE F. DOUD III, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

> It was a part and an object of the conspiracy that LAURENCE F. DOUD III, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances in a manner not authorized by law, in violation of 21 U.S.C. § 841(a)(1).

> The controlled substances that LAURENCE F. DOUD III, the defendant, and others known and unknown, conspired to distribute and possess with intent to distribute were (i) a quantity of mixtures and substances containing a detectable amount of oxycodone, in violation of 21 U.S.C. § 841(b)(1)(C), and (ii) 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A).

REQUEST NO. 5:    Count One – Narcotics Conspiracy – Elements

To sustain its burden of proof with respect to the charge of conspiracy contained in Count One of the Indictment, the Government must prove beyond a reasonable doubt the following two elements:

First: the existence of the conspiracy as charged in the indictment, in other words, that there was in fact an unlawful agreement or understanding by two or more persons to violate the narcotics laws.

Second: that the defendant knowingly and intentionally associated himself with, and joined in, the conspiracy.

> Adapted from the charges of the Honorable George B. Daniels in United States v. Abeko Ahlijah, No. 14 Cr. 527 (Apr. 13, 2016), and the Honorable Jed S. Rakoff in United States v. Henareh, No. 11 Cr. 93 (Nov. 27, 2012).  See Sand, Modern Federal Jury Instructions, Instr. 19-3.

> See United States v. Santos, 541 F.3d 63, 70 (2d Cir. 2008) (defining the elements of a narcotics trafficking conspiracy as the existence of the conspiracy charged and that the defendant had knowledge of the conspiracy and intentionally joined it); see also United States v. Shabani, 115 S. Ct. 382, 385 (1994) (Government need not prove commission of any overt acts in furtherance of conspiracy in violation of section 846 conspiracy).

REQUEST NO. 6:    Count One – Narcotics Conspiracy – First Element – Existence of Conspiracy

Starting with the first element, what is a conspiracy?  A conspiracy is an agreement, or an understanding, of two or more persons to accomplish an unlawful objective by working together. The gist, or the essence, of the crime of conspiracy is the unlawful agreement to violate the law. The ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not relevant to the question of whether the conspiracy existed.

In order for the Government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement.  Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished.  What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish the unlawful objective alleged which, for purposes of this count, is the illegal distribution of, or the possession with intent to distribute, a controlled substance.

You may, of course, find that the existence of an agreement to illegally distribute controlled substances has been established by direct proof.  However, common sense tells you that when people, in fact, enter into a criminal conspiracy, much is left to unexpressed understanding.  It is, therefore, rare that a conspiracy can be proven by direct evidence of an explicit agreement.  Since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In a very real sense, then, in the context of a conspiracy charge, actions often speak louder than words.  In this regard you may, in determining whether an agreement existed here, consider the actions and statements of all of those whom you found or find to be participants as proof that a common design existed on the part of the persons involved in the conspiracy to act together to accomplish an unlawful

6

purpose—here, to illegally distribute controlled substances.  It is sufficient to establish the existence

of the conspiracy if, after considering all of the received evidence, you find beyond a reasonable

doubt that at least two alleged conspirators came to a mutual understanding, either spoken or

unspoken, to accomplish the unlawful objective alleged which, for purposes of this count, is

illegally distributing, or possessing with intent to distribute, controlled substances.

> Adapted from the charges of the Honorable George B. Daniels in United States v. Abeko Ahlijah, No. 14 Cr. 527 (Apr. 13, 2016), the Honorable Paul A. Engelmayer in United States v. Rivera, No. 19 Cr. 131 (June 11, 2021), and the Honorable Jed S. Rakoff in United States v. Gohari, No. 16 Cr. 246 (Nov. 8, 2016).

> See United States v. Labat, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

> See United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the Government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice.  The conspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes." (citations omitted)); United States v. Montour, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the Government need not present evidence of a formal arrangement between the co-conspirators. Rather, it is sufficient if the Government can demonstrate that the defendants acted together with others to realize a common goal" (citations omitted)).

REQUEST NO. 7:   Count One – Narcotics Conspiracy – First Element – Object of the Conspiracy

As I have just described, the Government must prove beyond a reasonable doubt that two or more persons came to a mutual understanding, either spoken or unspoken, to achieve an unlawful objective.  The indictment here charges that the alleged conspiracy had one object: To distribute, or possess with intent to distribute, a controlled substance.  The Government need not prove that the members of the conspiracy agreed to distribute, or possess with intent to distribute, any particular controlled substance, only that they joined a conspiracy knowing that the object of the conspiracy was the distribution, or the possession with intent to distribute, some controlled substance.  I instruct you that, as a matter of law, fentanyl and oxycodone are "controlled substances."

Now, I will instruct you about this object about defining the term distribution.

> Adapted from the charges of the Honorable Analisa Torres in United States v. Wiseberg, No. 13 Cr. 794 (Oct. 29, 2015), aff'd, 727 Fed. Appx. 1 (2d Cir. Mar. 14, 2018), and the Honorable Lorna G. Schofield in United States v. Lowe, No. 14 Cr. 55 (May 20, 2015).

8

REQUEST NO. 8:    Count One – Narcotics Conspiracy – First Element – Object – Distribution

The word "distribution" means the actual, constructive or attempted transfer of the drug. To distribute simply means to deliver, to pass over, to hand over something to another person, or to cause it to be delivered, passed on, or handed over to another.  Distribution does not require a sale.

Now, as I have just noted, the object of the conspiracy charged in the indictment is the distribution of controlled substances.  The law, or statute, which makes it a crime to distribute a controlled substance applies to companies that sell controlled substances, known as "distributors," and people who work with or for those companies.

Under the law, a company that distributes controlled substances for medical use is required to register with the Drug Enforcement Administration.  As a registered entity—or registrant—a distributor is required to, among other things, maintain effective controls against diversion of controlled substances into other than legitimate medical channels.  Under the law, a distributor that is registered to distribute controlled substances may lawfully distribute such controlled substances if the distributor and its employees maintain effective controls and procedures to guard against the controlled substances they sell being diverted outside of legitimate medical channels, and distribute controlled substances to be dispensed by doctors and pharmacists in the regular course of professional practice and for legitimate medical purposes.

By contrast, distributors or their employees who sell controlled substances in a manner not authorized by their registration and not in conformity with the law may be found guilty of illegally distributing controlled substances.  Distribution of controlled substances is illegal when the distributor ships controlled substances without maintaining effective controls and procedures to guard against those controlled substances they sell being diverted outside of legitimate medical

channels, or without attempting to do so in good faith.  Distributing controlled substances is also

illegal when the distributor does not distribute controlled substances to be dispensed by doctors

and pharmacists in the regular course of professional practice and for legitimate medical purposes,

or does not attempt to do so in good faith.  Good faith in this context means the honest exercise of

best professional judgment.  It means that the distributor acted in accordance with what he or she

reasonably believed to be proper distributing practice and what was required by the distributor's

registration with the Drug Enforcement Administration.  The burden of establishing criminal intent

and lack of good faith rests upon the Government.  A defendant is under no burden to prove his or

her good faith.  Rather, the burden of establishing criminal intent and lack of good faith rests upon

the Government.

Thus, the Government must prove beyond a reasonable doubt that the object of the

conspiracy in which the defendant is charged was to distribute controlled substances in a manner

not authorized by law.  That is, other than in good faith belief that the distributor maintained

effective controls and procedures to guard against the controlled substances they sell being

diverted outside of legitimate medical channels, and that the controlled substances would be

dispensed by doctors and pharmacists in the regular course of professional practice and for

legitimate medical purposes.

> Adapted from the charges of the Honorable Analisa Torres in <u>United States</u> v. <u>Wiseberg</u>, No. 13 Cr. 794 (Oct. 29, 2015), <u>aff'd</u>, 727 Fed. Appx. 1 (2d Cir. Mar. 14, 2018), and the Honorable Lorna G. Schofield in <u>United States</u> v. <u>Lowe</u>, No. 14 Cr. 55 (May 20, 2015).

> The Controlled Substance Act makes it a crime "for any person knowingly or intentionally [to] distribute . . . or possess with intent to . . . distribute . . . a controlled substance." 21 U.S.C. § 841(a)(1). The Controlled Substance Act contains an exception to this blanket prohibition on the distribution of controlled substances for individuals and entities known as registrants, which are authorized

by the Attorney General "to possess, manufacture, distribute, or dispense [controlled] substances . . . in conformity with the other provisions" of the Act.  21 U.S.C. § 822.  Among other things, the Act authorizes the commercial distribution of certain controlled substances for therapeutic use, but requires all distributors to register with the DEA.  See 21 U.S.C. § 823(b).

As a condition of a distributor's registration, the distributor must maintain "effective control[s] against diversion of particular substances into other than legitimate medical, scientific, and industrial channels."  21 U.S.C. §§ 823(b), 823(e), 824(a); see also 21 C.F.R. § 1301.71; also Masters Pharm., Inc. v. Drug Enf't Admin., 861 F.3d 206, 212-13 (D.C. Cir. 2017); In re Nat'l Prescription Opiate Litig., No. 17 MD 2804, 2019 WL 3917575, at *9 (N.D. Ohio Aug. 19, 2019).   Additionally, regardless of a person's status in the distribution chain, he or she unlawfully distributes controlled substances when he or she knew "that the doctors and pharmacists were distributing controlled substances outside the usual course of professional practice and without a legitimate medical purpose—or, in other words, that these professionals acted in 'bad faith.'"  United States v. Quinones, 635 F.3d 590, 594–95 (2d Cir. 2011) (citing United States v. Vamos, 797 F.2d 1146, 1153 (2d Cir. 1986)).

A defendant's good faith belief that distribution of controlled substances is authorized by law and for a legitimate medical purpose is a defense to liability for unlawful distribution.  United States v. Vamos, 797 F.2d 1146, 1153 (2d Cir. 1986).

<u>REQUEST NO. 9:</u>   <u>Count One – Narcotics Conspiracy – Second Element – Membership</u>

Now, turning to the second element: If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One of the Indictment existed, then you must next determine the second question:   Whether the defendant participated in the conspiracy with knowledge of its unlawful purpose, and in furtherance of its unlawful objective.

The Government must prove beyond a reasonable doubt that the defendant knowingly and intentionally entered into the conspiracy with a criminal intent—that is, with a purpose to violate the law—and that the defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful objective or objectives.

As to this element, the terms "intentionally" and "knowingly" mean that you must be satisfied beyond a reasonable doubt that in joining the conspiracy (if you find that the defendant did join the conspiracy), the defendant knew what he was doing—that he took the actions in question deliberately and purposefully.   The defendant's acts must have been the product of the defendant's conscious objective, and not the product of a mistake or accident, or mere negligence, or some other innocent reason.

As you can see, this element concerns a person's state of mind.   Direct proof of state of mind is not always available.   Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.   Indeed, it would be a rare case where it could be shown that a person wrote or stated that, as of a given time in the past, he or she committed an act with a certain state of mind.   Such direct proof is not required.   Rather, knowledge is a matter of inference from the proven facts.   The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward

12

manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

It is not necessary for the Government to show that the defendant was fully informed as to all the details of the conspiracy in order for you to infer participation on his part. He need not have joined the conspiracy at the outset. Nor does a defendant need to know the full extent of the conspiracy or all of the activities of all its participants. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others play minor roles in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy. Nor is it necessary for a defendant to receive any monetary benefit from his participation in the conspiracy, or to have a financial stake in the outcome. All that is necessary is proof beyond a reasonable doubt that a defendant knowingly and willfully joined in the conspiracy with the purpose of furthering its unlawful object.

However, I want to caution you that the mere association by one person with another does not make that person a member of the conspiracy, even when coupled with knowledge that a conspiracy is taking place. Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. What is necessary is that the defendant you are considering knew about the conspiracy's unlawful objectives and participated in the conspiracy with an intent to aid in the accomplishment of those unlawful objectives.

Ultimately, the Government must prove beyond a reasonable doubt that the defendant — with an understanding of the unlawful character of the conspiracy — knowingly engaged, advised, or assisted in the conspiracy to unlawfully distribute controlled substances charged in Count One.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that person withdrew and disassociated himself from it.

> Adapted from the charges of the Honorable Paul A. Crotty in <u>United States</u> v. <u>Campo Flores</u>, No. 15 Cr. 765 (Nov. 18, 2016), and the Honorable Jed S. Rakoff in <u>United States</u> v. <u>Henareh</u>, No. 11 Cr. 93 (Nov. 27, 2012).

> <u>See</u> <u>United States</u> v. <u>Rea</u>, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.") (citations omitted); <u>United States</u> v. <u>Miranda-Ortiz</u>, 926 F.2d 172, 175-6 (2d Cir. 1991) (generally discussing proof required to show membership in conspiracy); and <u>United States</u> v. <u>Maldonado-Rivera</u>, 922 F.2d 934, 960 (2d Cir. 1990) (same).

REQUEST NO. 10:   Count One – Narcotics Conspiracy – Conscious Avoidance

As I explained, the Government is required to prove that the defendant acted knowingly. As you all know, if a person is actually aware of a fact, then he knows that fact.  The law also allows you to find that the defendant acted knowingly when the evidence shows that he deliberately closed his eyes to what would otherwise have been obvious to him.  A person may not intentionally remain ignorant of a fact in order to escape the consequences of criminal law.  The law calls this "conscious avoidance" or "willful blindness."

"Conscious avoidance," as I have described it, cannot be used as a basis for finding that the defendant knowingly joined the conspiracy.  It is logically impossible for the defendant to agree to join the conspiracy unless he knows that the conspiracy exists.  However, if you find that the defendant entered into such an agreement, in considering whether he knew that the object of the conspiracy was to illegally distribute controlled substances, you may consider whether the defendant was aware of a high probability that facts were so, but took deliberate and conscious action to avoid confirming those facts.  In other words, if you find beyond a reasonable doubt that the defendant deliberately avoided learning or confirming that the object of the conspiracy was distribution of controlled substances in a manner not authorized by law, such as by purposely closing his eyes to it or intentionally failing to investigate it, then you may treat this deliberate avoidance of learning a fact as the equivalent of knowledge.  If, however, the defendant actually believed that the conspiracy was not to unlawfully distribute controlled substances, or if the defendant was merely negligent or careless with regard to what knowledge he had, he lacked the knowledge necessary to become a co-conspirator.

> Adapted from the charges of the Honorable Paul A. Crotty in United
> States v. Campo Flores, No. 15 Cr. 765 (Nov. 18, 2016) (conscious
> avoidance instruction affirmed at United States v. Campo Flores,

945 F.3d 687, 715 (2d Cir. 2019)), the Honorable Richard J. Sullivan in United States v. Pan, 12 Cr. 153 (May 1, 2013), the Honorable Lewis A. Kaplan in United States v. Blaszczak, 17 Cr. 357 (Apr. 27, 2018), the Honorable Ronnie Abrams in United States v. Vargas, No. 18 Cr. 76 (Nov. 26, 2018), and the Honorable Katherine Polk Failla in United States v. Atuana, 16 Cr. 672 (Jan. 29, 2018), and from Sand, Modern Federal Jury Instructions, Instr. 3A and United States v. Goffer, 721 F.3d 113 (2d Cir. 2013).

"A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact."  United States v. Hopkins, 53 F.3d 533, 542 (2d Cir. 1995) (citations and internal quotation marks omitted); see also United States v. Aina-Marshall, 336 F.3d 167, 170 (2d Cir. 2003); United States v. Reyes, 302 F.3d 48, 54 (2d Cir. 2002). The Government "need not choose between an 'actual knowledge' and a 'conscious avoidance' theory." United States v. Ferguson, 676 F.3d 260, 278 (2d Cir. 2011); see also United States v. Carlo, 507 F.3d 799, 802 (2d Cir. 2007) ("There was nothing inappropriate or inconsistent in the government arguing that [the defendant] had actual knowledge that his statements were false or, in the alternative, that he was aware of a high probability that they were false, but consciously avoided confirming that suspicion." Indeed, "[r]ed flags about the legitimacy of a transaction can be used to show both actual knowledge and conscious avoidance." United States v. Goffer, 721 F.3d 113, 127 (2d Cir. 2013) (internal quotation marks omitted).

In a case involving distribution of controlled substances in a manner not authorized by law, a conscious avoidance instruction is appropriate where the defendant puts in issue his knowledge of the conspiracy by, for instance, arguing that he did not know that controlled substances were being diverted.  See United States v. Leonard, 738 Fed. Appx. 7, 11 (2d Cir. 2018).

A conscious avoidance instruction is appropriate in a conspiracy case to prove that the defendant had knowledge of the illegal object of the conspiracy.  Reyes, 302 F.3d at 55 (discussing conscious avoidance in conspiracy cases and noting that "the jury may use the conscious avoidance doctrine to establish the defendant's knowledge of the aims of the conspiracy but, as just noted, may not use it to establish the defendant's intent to participate in the conspiracy.").  See also United States v. Anderson, 747 F.3d 51, 60

(2d Cir. 2014); <u>United States</u> v. <u>Kaufman</u>, 2014 WL 2048198, at *7 (S.D.N.Y. May 19, 2014) (describing the permissible uses of a conscious avoidance charge in a conspiracy case).

The Second Circuit has cautioned that "the prosecutor should request that the 'high probability' and 'actual belief' language be incorporated into every conscious avoidance charge." <u>United States</u> v. <u>Feroz</u>, 848 F.2d 359, 360 (2d Cir. 1988) (per curiam) ("[K]nowledge of the existence of a particular fact is established (1) if a person is aware of a high probability of its existence, (2) unless he actually believes that it does not exist.").

REQUEST NO. 11:  Count One – Narcotics Conspiracy – Liability for Co-Conspirators

You heard evidence concerning the acts and statements of people other than the defendant because these acts and statements were committed or made by persons who, the Government alleges, were also confederates or coconspirators of the defendant.

The reason for allowing this evidence to be received against the defendant has to do, in part, with the nature of the crime of conspiracy.  A conspiracy is often referred to as a partnership in crime: as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.  And, therefore, the reasonably foreseeable acts, statements, and omissions of any member of the conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts and statements of all of its members, and all of its members are responsible for such acts, statements, and omissions.

So, if you find beyond a reasonable doubt that the defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by a person also found by you to have been a member of the same conspiracy may be considered against the defendant, and that's so even if such acts were committed or such statements were made in the defendant's absence and without his knowledge.

> Adapted from the charges of the Honorable Vernon S. Broderick in
> United States v. Allums, No. 15 Cr. 153 (Nov. 8, 2017).  See
> Pinkerton v. United States, 328 U.S. 640, 646-47 (1946); United
> States v. Heras, 609 F.3d 101, 110-11 (2d Cir. 2010); United States
> v. Maldonado-Rivera, 922 F.2d 934, 961-62 (2d Cir. 1990).

REQUEST NO. 12:  Count One – Narcotics Conspiracy – Quantity

Before I go further, let me also note something regarding the quantity and purity of drugs involved.  I instruct you that the actual quantity of the controlled substance involved in the charged conspiracy is not an element of this crime, so you need not be concerned with quantity in determining whether the defendant is guilty or not guilty of Count One.  In order to determine whether the defendant is guilty of Count One, you need only find beyond a reasonable doubt that a conspiracy existed to distribute, or possess with the intent to distribute, some amount of a controlled substance.

If, and only if, you conclude that the Government has proved beyond a reasonable doubt that the defendant is guilty of participating in the conspiracy charged in Count One, you must then determine the quantity of the controlled substances involved.  You need not determine the precise quantity.  Instead, if you reach the question of quantity, the verdict form you will receive will contain a separate question asking whether the Government has proved beyond a reasonable doubt that the conspiracy that the defendant joined involved 400 grams or more of fentanyl, 40 grams or more of fentanyl or a lesser amount.  Your finding on quantity must be unanimous in the sense that all of you must agree that the conspiracy involved at least the quantity you indicate.  Thus, for example, if all of you agree that the conspiracy involved 400 grams or more of mixtures and substances containing a detectable amount of fentanyl, you should indicate that on the verdict form.  If, however, some of you conclude that the conspiracy involved 40 grams or more of fentanyl, but the rest of you conclude that it involved 400 grams or more of fentanyl, you must indicate 40 grams or more of fentanyl on the verdict form, because all of you would only be in agreement that the conspiracy involved 40 grams or more of fentanyl.  If you conclude that the Government has not proved beyond a reasonable doubt that the conspiracy involved at least 40

19

grams of fentanyl, then you may also indicate that on the verdict form.  It will not be necessary for you to make a determination about the quantity of oxycodone.

In making your determination about the quantity of controlled substances involved in the conspiracy charged in Count One, you should include whatever quantity was involved in any act or acts in which the defendant personally and directly participated.  That is, if you find that the defendant personally and directly participated in jointly undertaken unlawful drug distribution, he is personally responsible for the full quantity of drugs involved that were reasonably foreseeable to him.  In addition, each conspirator is also responsible for any quantity of narcotics unlawfully distributed by his coconspirators, as long as the quantities were known, or reasonably foreseeable, to him, and were within the scope of the charged conspiracy.  "Reasonably foreseeable" means that the defendant could have reasonably anticipated the type and quantity of drugs involved in the conspiracy.

> Adapted from the charges of the Honorable George B. Daniels in United States v. Polk, No. 17 Cr. 124 (Sept. 10, 2018), and the Honorable J. Paul Oetken in United States v. Pauling, No. 16 Cr. 563 (Feb. 13, 2019).

> See United States v. Abdulle, 564 F.3d 119 (2d Cir. 2009) ("[T]he law is settled that a defendant need not know the exact nature of a drug in his possession to violate § 841(a)(1); it is sufficient that he be aware that he possesses some controlled substance. . . . Similarly, where [for instance] an Indictment charges a defendant with conspiracy to distribute and possess with intent to distribute cathinone . . . the mens rea requirement for conspiracy is satisfied simply if the Government shows that the defendant intended to distribute and possess with the intent to distribute *any* controlled substance." (emphasis in original) (quotations and citations omitted)).

REQUEST NO. 13:   Count Two – Conspiracy to Defraud – General Instruction

Count Two charges defendant LAURENCE DOUD with participating in a conspiracy to

defraud the United States, specifically the Drug Enforcement Administration. Count Two charges,

and I am reading now from the Indictment, that:

> From at least in or about January 2012, up to and including in or about March 2017, in the Southern District of New York and elsewhere, LAURENCE F. DOUD III, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to defraud the United States and an agency thereof, to wit, the Drug Enforcement Administration.

> It was a part and an object of the conspiracy that LAURENCE F. DOUD III, the defendant, and others known and unknown, willfully and knowingly, using deceit, craft, trickery, and dishonest means, would and did defraud the United States and an agency thereof, to wit, the Drug Enforcement Administration, thereby impeding, impairing, defeating and obstructing the lawful function of the agency.

> In furtherance of the conspiracy and to effect its illegal objects, LAURENCE F. DOUD III, the defendant, and his co-conspirators, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

> a. During the relevant time period, DOUD and his co-conspirators willfully and knowingly caused Rochester Drug Co-operative, Inc. not to make required reports of suspicious orders to the Drug Enforcement Administration.

> b. During the relevant time period, DOUD and his co-conspirators falsely represented to the Drug Enforcement Administration that Rochester Drug Co-operative, Inc. was following written policies and procedures for monitoring and reporting suspicious orders.

> c. During the relevant time period, DOUD and his co-conspirators falsely represented to the Drug Enforcement Administration that Rochester Drug Co-operative, Inc. was conducting due diligence on new customers before distributing controlled substances to those customers.

<u>REQUEST NO. 14:</u>   Count Two – Conspiracy to Defraud – Elements

In order to find the defendant guilty of the conspiracy charged in Count Two, you must find that the Government has proven beyond a reasonable doubt each of the following three elements of the crime:

<u>First</u>, the existence of the conspiracy charged in the Indictment; in other words, that there was, in fact, an agreement or understanding to violate those provisions of the law that make it illegal to defraud the United States government, and specifically the Drug Enforcement Administration.

<u>Second</u>, the defendant, LAURENCE DOUD, knowingly and willfully became a member of the conspiracy charged.

<u>Third</u>, one of the members of the conspiracy knowingly committed at least one overt act in furtherance of the conspiracy.

Adapted from the charge of the Honorable J. Paul Oetken in <u>United States</u> v. <u>Parnas</u>, No. 19 Cr. 725 (Oct. 22, 2021).

REQUEST NO. 15:   Count Two – Conspiracy to Defraud – First Element – Object

With respect to the first element, a conspiracy, as I have already instructed you, is an agreement between two or more persons to violate the law. You should keep in mind all of my instructions on conspiracy that I gave you with respect to Count One as you are considering Count Two.  However, the object -- or unlawful goal -- of the conspiracy charged in Count Two is different, and I will give you some additional instructions about those objects now.

A conspiracy to defraud the United States means that the defendant and his co-conspirators are accused of conspiring to impede, impair, obstruct, or defeat by fraudulent or dishonest means the lawful regulatory and enforcement functions of an agency of the United States.  I instruct you that the Drug Enforcement Administration, also called the DEA, is an agency of the United States government.

In order to find the defendant impaired, impeded, or obstructed a legitimate governmental function, you must find that the object of the conspiracy was to interfere with or obstruct one of the United States' lawful government functions.  Not all conduct that impedes the lawful functions of a government agency is illegal.  To be unlawful, such conduct must entail fraud, deceit, or other dishonest means.  A conspiracy to impede the functions of a government agency by fraudulent or dishonest means may include such things as providing false information, deceitfully not complying with a regulatory requirement to provide information, deceitfully processing transactions with incomplete information, or engaging in any other fraudulent or deceptive conduct that would have the effect of impairing the ability of the government agency to determine material aspects of a transaction. By citing these examples, I certainly do not mean to suggest that these are the only actions that could impede the DEA by fraudulent or dishonest means, nor do I express any view as to whether conduct similar to these examples took place here.

23

Dishonestly obstructing the lawful function of a government agency must be a purpose of the conspiracy, not merely a foreseeable consequence of it.  However, defrauding the DEA need not be the defendant's sole or even primary purpose so long as it is a purpose of the scheme.  The intent to defraud the DEA may be incidental to another primary motivation or purpose.  Actual contact between the defendant and an official of the United States government is not an element of the crime, nor is it necessary for you to find that the government was subjected to any loss of money or property as a result of the conspiracy.  It is also not necessary for you to find that the impairment violated any separate law.  All that is required is that an object of the conspiracy was to interfere with or obstruct one of the DEA's lawful government functions by deceit, craft, or trickery or by means that are dishonest.

> Adapted from the charges of the Honorable J. Paul Oetken in United States v. Parnas, No. 19 Cr. 725 (Oct. 22, 2021), and the Honorable Richard M. Berman in United States v. Atilla, No. 15 Cr. 867 (Dec. 20, 2017).
>
> A conspiracy to defraud may be predicated upon "the mere failure to comply with a regulatory requirement to provide information," United States v. Bilzerian, 926 F.2d 1285, 1302 (2d Cir. 1991), and on "deceitfully processing transactions with incomplete information," United States v. Zarrab, No. 15 Cr. 867 (RMB), 2016 WL 6820737, at *4 (S.D.N.Y. Oct. 17, 2016).
>
> "[I]ntent to defraud the United States may be incidental to another primary motivation or purpose."  United States v. Gurary, 860 F.2d 521, 525 (2d Cir. 1988); United States v. Southland Corp., 760 F.2d 1366, 1373 (2d Cir. 1985) ("defendants . . . cannot escape liability by showing that this intent was merely incidental to some other action which constituted their primary motivation").

<u>REQUEST NO. 16</u>:   <u>Count Two – Conspiracy to Defraud – Second Element – Membership</u>

If you find that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count Two of the Indictment existed, then you must consider the second element of the crime.  The second element the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant knowingly and willfully became a member of the conspiracy intending to advance or achieve its goals.

Now, as to this element, the terms knowingly and willfully mean that you must be satisfied that in joining the conspiracy, assuming you find that the defendant did join the conspiracy, the defendant knew what he was doing.  That is, that he took the actions in question deliberately and voluntarily.  An act is done "knowingly" and "willfully" if it is done deliberately and purposefully; that is, a defendant's acts must have been the product of his conscious objective, rather than the product of mistake, accident, mere negligence, or some other innocent reason.

When you consider this element, you should refer to my instructions about membership in a conspiracy which I gave regarding Count One.  Those instructions apply equally here.

Ultimately, the question is this: Has the Government proven beyond a reasonable doubt that the defendant joined the conspiracy charged and knowingly and willfully participated in it with the awareness of its unlawful purpose and as something he wished to bring about?

Adapted from the charge of the Honorable J. Paul Oetken in <u>United States</u> v. <u>Parnas</u>, No. 19 Cr. 725 (Oct. 22, 2021).

REQUEST NO. 17:   Count Two – Conspiracy to Defraud – Third Element – Overt Act

Turning to the third element of the conspiracy charged in Count Two, the Government must prove beyond a reasonable doubt that one of the members of the alleged conspiracy or agreement knowingly and willfully performed at least one overt act in furtherance of the objectives of the conspiracy and that this overt act was performed during the existence or life of the conspiracy and was done somehow to further the goals of the conspiracy or agreement.

The term "overt act" means some type of outward action performed by one of the members of the conspiracy that further the objectives of the conspiracy.  An overt act may itself be a lawful act; however, the act must be a step in achieving the conspiratorial objectives.  The Indictment alleges that the following overt acts were committed:

- During the relevant time period, DOUD and his co-conspirators willfully and knowingly caused Rochester Drug Co-operative, Inc. not to make required reports of suspicious orders to the Drug Enforcement Administration.

- During the relevant time period, DOUD and his co-conspirators falsely represented to the Drug Enforcement Administration that Rochester Drug Co-operative, Inc. was following written policies and procedures for monitoring and reporting suspicious orders.

- During the relevant time period, DOUD and his co-conspirators falsely represented to the Drug Enforcement Administration that Rochester Drug Co-operative, Inc. was conducting due diligence on new customers before distributing controlled substances to those customers.

In order for the Government to satisfy this element, it is not required that all of the overt acts alleged in the Indictment or even any of the overt acts contained in the Indictment be proven. Although you must find unanimously that some overt act in furtherance of the conspiracy has been proved, you do not have to be unanimous as to which act.  Similarly, you need not find that the defendant committed the overt act.  It is sufficient for the Government to show that one of the

alleged conspirators knowingly committed an overt act in furtherance of the conspiracy, since such an act becomes in the eyes of the law, the act of all the members of the conspiracy.

You are further instructed that the overt act need not have been committed at precisely the time alleged in the Indictment.  It is sufficient if you are convinced beyond a reasonable doubt that it occurred at or about the time and place stated.

You should bear in mind that the overt act standing alone may be an innocent lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting a conspiratorial scheme.  You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal or constitutes an objective of the conspiracy.

> Adapted from the charge of the Honorable J. Paul Oetken in United States v. Parnas, No. 19 Cr. 725 (Oct. 22, 2021).  See also United States v. Kozeny, 667 F.3d 122, 132 (2d Cir. 2011) ("The jury need not reach unanimous agreement on which particular overt act was committed in furtherance of the conspiracy.").

REQUEST NO. 18:  Venue

In addition to all of the elements that I have described for you, you must separately decide whether an act in furtherance of each alleged crime occurred within the Southern District of New York.  The Southern District of New York includes Manhattan, the Bronx, and Westchester.  This requirement is called "venue."  The parties have stipulated that this element has been met.

REQUEST NO. 19:   Dates

As we have proceeded through the Indictment, you noticed that it refers to various dates or times.  It is not essential that the Government prove that the conspiracy alleged started and ended on any specific dates.  Indeed, it is sufficient if you find that the conspiracy was formed and that it existed for some time around the dates that I just mentioned.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 3-12.

<u>REQUEST NO. 20</u>:   <u>Stipulations</u>

You heard evidence in the form of stipulations or agreements between the parties.  A stipulation is an agreement among the parties that a certain fact is true or that, if a witness were called, the witness would give certain testimony.  You should regard such agreed-upon facts as true or accept that the witness would have given such testimony.  However, it is for you to determine the effect to be given that testimony.

Adapted from the charges of the Honorable George B. Daniels in <u>United States</u> v. <u>Clark</u>, 13 Cr. 420 (Oct. 1, 2014).

<u>REQUEST NO. 21:</u>   <u>Particular Investigative Techniques Not Required</u>
(If Applicable)

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by law enforcement authorities. There is no legal requirement, however, that the Government prove its case through any particular means. While you are to consider carefully the evidence offered by the Government, you need not speculate as to why it used the techniques it did, or why it did not use other techniques. The choice of law enforcement techniques is not your concern.

Adapted from the charges of the Honorable Andrew L. Carter, Jr. in <u>United States</u> v. <u>Cervino</u>, 15 Cr. 171 (Mar. 21, 2017).

REQUEST NO. 22:   Use of Evidence Obtained Pursuant to Searches
(If Applicable)

You have heard testimony about evidence seized in certain searches.  Evidence obtained

from these searches was properly admitted in this case and may properly be considered by you.

Whether you approve or disapprove of how it was obtained should not enter into your deliberations

because I now instruct you that the Government's use of this evidence is entirely lawful.

Adapted from the charge of the Honorable George B. Daniels in
United States v. Polk, No. 17 Cr. 124 (Sept. 10, 2018).

32

<u>REQUEST NO. 23:</u>   <u>Uncalled Witnesses – Equally Available To Both Sides</u>

There are several people whose names you heard during the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inference or reach any conclusions as to what they would have testified to had they been called.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.  The burden remains with the Government to prove the guilt of a defendant beyond a reasonable doubt.

Adapted from the charges of the Honorable George B. Daniels in <u>United States</u> v. <u>Clark</u>, 13 Cr. 420 (Oct. 1, 2014).

33

REQUEST NO. 24:   Other Individuals Not on Trial

During the trial, you heard the names of several other individuals mentioned in connection with this case.  Some of those other individuals have been mentioned in connection with what the Government alleges was illegal activity.  I instruct you that you may not draw any inference, favorable or unfavorable, toward the Government or the defendant from the fact that there may be people who have not been tried as defendants in this case.  Further, you may not speculate as to the reasons why those other people are not on trial or what became of them in the legal system. Those matters are wholly outside your concern and have no bearing on your duties as jurors in this case.

Adapted from the charge of the Honorable J. Paul Oetken in United States v. Matthews, 18 Cr. 124 (Sept. 24, 2018).

REQUEST NO. 25:  Redactions
(If Applicable)

There are, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document or recording was taken out.  You are to concern yourself only with the part of the item that has been admitted into evidence.  You should not consider any possible reason why the other part of it has been deleted.

Adapted from the charge of the Honorable Lewis A. Kaplan in
United States v. Sterling, S4 16 Cr. 488 (Apr. 3, 2017).

REQUEST NO. 26:  Law Enforcement Witnesses

You have heard the testimony of law enforcement witnesses and other Government employees.  The fact that a witness may be employed by the federal Government as a law enforcement agent or employee does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.  As with all other witnesses, it is up to you to decide, after reviewing all the evidence, what weight to give the testimony of law enforcement witnesses.

Adapted from the charge of the Honorable J. Paul Oetken in United
States v. Matthews, 18 Cr. 124 (Sept. 24, 2018).

36

REQUEST NO. 27:  Expert Witness

I have permitted certain witnesses to testify as expert witnesses and to express their opinions about matters that are an issue.  An expert witness may be permitted to testify to an opinion on those matters which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept the testimony of an expert witness merely because I allowed the witness to testify as an expert, nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

Adapted from the charge of the Honorable George B. Daniels in
United States v. McCrimmon, No. 20 Cr. 343 (Apr. 6, 2021).

<u>REQUEST NO. 28</u>:  Cooperating Witnesses and Witnesses with Non-Prosecution Agreements

You have heard from a witness who testified that he was involved in criminal conduct, and who subsequently pled guilty to this criminal conduct pursuant to what is called a "cooperation agreement" with the Government. Such witnesses agree to testify and to cooperate with the Government in hope of receiving a reduced sentence. You have also heard from a witness who entered into what is called a non-prosecution agreement. Under such an agreement, a witness testifies pursuant to an agreement with the Government that, in exchange for their truthful testimony, the Government promises them that they will not be prosecuted for any crimes that they may have committed. The Government is permitted to make these kinds of agreements and promises and is entitled to call as witnesses people to whom such promises are given. The fact that the Government has entered into a cooperation agreement with a witness, or agreed not to prosecute a witness does not disqualify them from testifying and does not preclude you from accepting that testimony as true.

Experience will tell you that the Government frequently must rely on the testimony of cooperating witnesses, and other witnesses who have admitted to participating in crimes. The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution because it would otherwise be difficult or impossible to detect and prosecute wrongdoers.  For these very reasons, the law allows the use of such testimony.  Indeed, it is the law in federal courts that the testimony of a single cooperating witness may be enough in itself for a conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.  It is also the case that the testimony of a cooperating witness or a witness who entered a non-prosecution agreement is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe. The fact that a

witness is a cooperating witness or entered into a non-prosecution agreement can be considered by you as bearing upon his or her credibility. It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he or she is incapable of giving truthful testimony. Like the testimony of any other witness, cooperating witness testimony should be given the weight that it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, his or her background, and the extent to which his or her testimony is corroborated by other evidence.

In evaluating the testimony of a cooperating witness or witnesses who entered into a non-prosecution agreement, you should ask yourselves whether this witness would benefit more by lying, or by telling the truth. Was his or her testimony made up in any way because he or she believed or hoped that she would somehow receive favorable treatment by testifying falsely?  Or did he or she believe that her interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him or her to lie, or was it one that would cause him or her to tell the truth?  Did this motivation color his or her testimony?  If you find that the testimony was false, you should reject it.  If, however, after a cautious and careful examination of the witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or may disregard all of it.  That is a determination entirely for you, the jury.

39

Finally, you have heard testimony from a Government witness who pleaded guilty to charges arising out of the same facts that are at issue in this case.  You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant from the fact that a prosecution witness pleaded guilty to similar charges.  The decision of that witness to plead guilty was a personal decision that he made about his own guilt.  It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.  That is a determination entirely for you.

> Adapted from the charges of the Honorable Paul A. Engelmayer in United States v. Rivera, No. 19 Cr. 131 (June 11, 2021), and the Honorable Ronnie Abrams in United States v. Vargas, No. 18 Cr. 76 (Nov. 26, 2018).

REQUEST NO. 29:  Immunized Witnesses
(If Applicable)

You have heard the testimony of witnesses who have testified under a grant of immunity from this Court, called formal immunity.  The testimony of such a witness may not be used against such witnesses in any criminal case except in a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this Court. You are instructed that the Government is entitled to call as a witness a person who has been granted immunity by order of this Court.  You should examine the testimony of such a witness to determine whether or not it is colored in any way to further the witness's own interests.  If you believe the testimony to be true, you may give it any weight you believe it deserves, and you may convict the defendant on the basis of such witness's testimony alone if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

Adapted from the charge of the Honorable J. Paul Oetken in United States v. Gabinskaya, 12 Cr. 171 (Oct. 3, 2014).

41

<u>REQUEST NO. 30:</u>  <u>Preparation of Witnesses</u>
(If Applicable)

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.  Although you may consider that fact when you're evaluating a witness's credibility, I should tell you that there is nothing unusual or improper about a witness meeting with lawyers before testifying, so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps save your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of a witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charges of the Honorable George B. Daniels in
<u>United States</u> v. <u>Clark</u>, 13 Cr. 420 (Oct. 1, 2014).

42

<u>REQUEST NO. 31</u>:   Defendant's Testimony
(If Applicable)

As you saw, defendant LAURENCE DOUD took the witness stand and testified.  I have already instructed you on how you should evaluate the credibility of the witnesses you have heard in this case.  You should evaluate the defendant's testimony the same way that you judge the testimony of the other witnesses in this case.

> <u>See</u> <u>United States</u> v. <u>Gaines,</u> 457 F.3d 238, 240 (2d Cir. 2006) ("[I]f the defendant has testified, the trial court should tell the jury to evaluate the defendant's testimony in the same way it judges the testimony of other witnesses."); <u>but</u> <u>see</u> <u>United States</u> v. <u>Solano,</u> 966 F.3d 184, 197 (2d Cir. 2020) (holding that it was error for the district court to instruct that "any" witness with an interest in the outcome of the case, which included the defendant, necessarily has a "motive to testify falsely").

43

<u>REQUEST NO. 32:</u>   <u>Defendant's Right Not to Testify</u>
(If Requested by the Defense)

The defendant did not testify in this case.  Under our Constitution, a defendant has no

obligation to testify or present any evidence, because it is the Government's burden to prove the

defendant's guilt beyond a reasonable doubt.  That burden remains with the Government

throughout the trial and never shifts to a defendant.  A defendant is never required to prove that he

is innocent.  You may not attach any significance to the fact that the defendant did not testify.  You

may not draw any inference against the defendant because he did not take the witness stand.  You

may not speculate as to why he did not testify, and you may not consider this against him in any

way in your deliberations.

Adapted from the charges of the Honorable George B. Daniels in
<u>United States</u> v. <u>Clark</u>, 13 Cr. 420 (Oct. 1, 2014).

<u>REQUEST NO. 33:</u>   <u>Use of Charts and Summaries</u>

Some of the exhibits that were admitted into evidence were in the form of charts or summaries.  I decided to admit these charts and summaries in place of, or in addition to, the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

Adapted from the charges of the Honorable George B. Daniels in
<u>United States</u> v. <u>Clark</u>, 13 Cr. 420 (Oct. 1, 2014).

REQUEST NO. 34:  Concluding Remarks

The Government respectfully requests that the Court close by instructing the jurors regarding the selection of a foreperson, communications with the Court during deliberations, provision of copies of the Indictment and jury charge, and the procedures regarding requests for particular exhibits or testimony.


Dated: New York, New York
           December 17, 2021

                                                  Respectfully submitted,

                                                  DAMIAN WILLIAMS
                                                  United States Attorney
                                                  Southern District of New York


                           By:    /s/_____
                                                  Thomas Burnett
                                                  Nicolas Roos
                                                  Alexandra Rothman
                                                  Assistant United States Attorneys
                                                  Southern District of New York