**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------x

UNITED STATES OF AMERICA,

-against-

LAURENCE F. DOUD III,

                      Defendant

------------------------------------------x

JAN 0 5 2022

MEMORANDUM DECISION
AND ORDER

19 Cr. 285 (GBD)

GEORGE B. DANIELS, United States District Judge:

On April 22, 2019, a grand jury returned a two-count indictment against Laurence F. Doud, III, formerly Chief Executive Officer ("CEO") of the Rochester Drug Co-operative, Inc. ("RDC"). (Indictment, ECF No. 1.) Count One of the Indictment charges Defendant with conspiracy to distribute controlled substances outside of the legal chain of distribution, in violation 21 U.S.C. §§841 (b)(1)(C), 841 (a)(1), and 846. (*Id.* ¶¶ 20-22.) Count Two charges Defendant with conspiracy to defraud the Drug Enforcement Administration ("DEA") in violation of 18 U.S.C. §371. (*Id.* at ¶¶ 37-38.)

Before this Court are Defendant's successive motions to dismiss the Indictment. Defendant first moved to dismiss Count One of the Indictment, pursuant to Federal Rule of Civil Procedure 12(b)(3)(B) and the Fifth Amendment of the Constitution on the grounds that Count One is defective because 21 U.S.C § 841 does not encompass the allegations against Defendant and is unconstitutionally vague as applied to Defendant. (Notice of Motion dated October 1, 2019, ECF No. 12.) On April 23, 2021, Defendant filed a second motion to dismiss the entire Indictment under *United States v. Dowling*, 473 U.S. 2017 (1985) on the grounds that the Indictment is

improper because it seeks to enforce a harsher penalty upon actions that are already explicitly codified as federal regulatory violations, and which were not criminal acts during the period of the Indictment. (Notice of Motion dated April 23, 2021, ECF No. 61.) Defendant's motions to dismiss the counts of the Indictment, are DENIED.

## I. FACTS

Count One of the Indictment charges Defendant with participating in a conspiracy to violate the federal narcotics laws by directing RDC to "distribute[] dangerous highly addictive opioids to pharmacy customers," including oxycodone and fentanyl, which Defendant "knew were being sold and used illicitly." (Indictment at ¶¶ 3, 14). Specifically, the Indictment alleges that from 2012 through March 2017, Defendant directed RDC's compliance department and sales personnel to fill and ship suspicious orders by RDC's pharmacy customers, in violation of company policy, and in disregard of warnings by, among others, RDC's compliance personnel that "many of [RDC's] largest customers were dispensing controlled substances that were being diverted from legitimate channels of distribution." (*Id.* at ¶ 14.) The Indictment also alleges that Defendant continued to direct RDC to ship orders to pharmacies identified as suspicious by RDCs compliance department even after manufacturers who supplied RDC warned that they would "'sanction' or even terminate sales to RDC" if it continued the sale of those controlled substances. (*Id.* at ¶ 16(c).) The Indictment alleges that Defendant engaged in the offense conduct "in order to maximize the Company's revenues and [Defendant's] compensation." (*Id.* at ¶¶ 3, 15).

Count Two of the Indictment charges Defendant with conspiring to obstruct and hinder DEA's enforcement of the narcotics laws, in violation of 18 U.S.C. 371, by causing RDC to make material misrepresentations to the DEA about RDCs due diligence, sales practices, and controls against diversion of controlled substances, and by directing RDC not to report thousands of

2

suspicious orders from customers. (Indictment at ¶ 24.) In particular, the Indictment alleges that Defendant directed RDC to forgo due diligence when opening new pharmacy accounts, in violation of RDC's statutory obligations and contrary to its specific representations to the DEA that it would conduct due diligence before opening new customer accounts. (Indictment at ¶ 28.) The Indictment alleges that Defendant "directed RDC not to report suspicious orders in order to protect the profit being generated by customers dispensing large quantities of controlled substances." (*Id.* at ¶ 33).

## II. LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12(b), a defendant may move to dismiss an indictment for "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B). "Since federal crimes are 'solely creatures of statute,' a federal indictment can be challenged on the ground that it fails to allege a crime within the terms of the applicable statute." *U.S. v. Aleynikov*, 676 F.3d 71, 75-6 (2d Cir. 2012) (citing *Dowling v. United States*, 473 U.S. 207, 213 (1985). "[A] court may dismiss an indictment if it suffers from deficiencies enumerated therein" under Fed.R.Crim.P. 12(b)(3)(B). *United States v. Lopez*, 18-CR-736 (NSR), 2019 WL 4733603, at *2 (S.D.N.Y. Sept. 27, 2019).

In deciding a motion to dismiss under Rule 12(b), "a court must accept all factual allegations in the indictment as true." *United States v. Thomas,* 492 F.Supp.2d 405, 412–13 (S.D.N.Y.2007) (citation omitted). In evaluating whether a federal offense has been sufficiently alleged, "[a] court should not look beyond the face of the indictment and draw inferences as to proof to be adduced at trial, for 'the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment.'" *Id.* (citing *United States v. Alfonso,* 143 F.3d 772, 776–77 (2d Cir.1998)). Accordingly, "[a] defendant faces a high standard in seeking to dismiss an indictment, because an indictment need provide the defendant only a plain, concise, and definite

3

written statement of the essential facts constituting the offense charged." *United States v. Smith*, 985 F.Supp.2d 547, 561 (S.D.N.Y. 2014), *aff'd sub nom. United States v. Halloran*, 664 Fed.Appx 23 (2d Cir. 2016) (citing *United States v. Post*, 950 F.Supp.2d 519, 527 (S.D.N.Y.2013)).

### III. DEFENDANT'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT IS DENIED

Defendant contends that Count One of the Indictment is defective and must be dismissed because, as an employee of a wholesale drug seller, Defendant does not qualify as an individual liable under Sections 841 and 846. (Def.'s Memorandum of Law in Support of Motion to Dismiss Count One of Indictment ("Def.'s Count One Brief"), ECF No. 14, at 7-8.) In particular, Defendant argues that the statutes do not apply to him because to date they have only been used to prosecute either street-level drug dealers or doctors, pharmacists, and their associates directly involved in the prescription process. (*Id.*) Defendant also argues that Count One is defective because the conduct alleged does not fall within the parameters of the statutes. (*Id.* at 13.) In addition, Defendant argues that Count One must be dismissed because Section 841 is unconstitutionally vague as applied to Defendant. (*Id.* at 26.)

#### A. Count One of the Indictment is Not Defective

Under the Controlled Substances Act, it is a crime "for any person knowingly or intentionally to . . . distribute, . . . or possess with intent to . . . distribute . . . a controlled substance," Section 841, or to conspire to do the same, Section 846. The plain language of the statute does not target any specific group of people, but rather makes it illegal for "any person" to "knowingly or intentionally" distribute a controlled substance. *Id.* There is a narrow exception to this blanket prohibition on the distribution of controlled substances for certain individuals and entities under 21 U.S.C. §822. As set forth in Section 822, "[p]ersons registered by the Attorney General," who are known as "registrants," may "possess, manufacture, distribute, or dispense [controlled]

4

substances . . . <u>to the extent authorized</u> by their registration and in conformity with the other provisions of this subchapter." Section 822(b) (emphasis added). However, in *United States v. Moore*, the Supreme Court held that "only the lawful acts of registrants are exempted" from criminal liability under Sections 841 and 846. 423 U.S. 122, 131 (1975). The Court in *Moore* made it clear that "[b]y it's terms § 841 reaches 'any person.'" including "manufactures, wholesalers, retailers, and all others in the legitimate distribution claim." *Moore*, 423 at 131, 135. *See also United States v. Vamos*, 797 F.2d 1146, 1152 (2d Cir. 1986)("a physician has no special license to divert the flow of drugs from legitimate medical distribution to illicit commercial trade and that if he does so he may be prosecuted under § 841(a) since he then acts as a 'drug' pusher"); *see also Correa v. United States*, 92 Civ. 6637 (PKL), 1992 WL 380555, at *4-5 (S.D.N.Y. Dec. 4, 1992) (rejecting non-registered defendant's claim that Section 841 "applies only to physicians registered under the Act," noting that the defendant's argument that he could not be prosecuted under the Act was "frivolous and appear[ed] to be based on a completely erroneous reading of the statutory language and case law.") Reviewing the CSA's legislative history, the Court in *Moore* noted that in passing the statute, "Congress was concerned with the nature of the drug transaction, rather than with the status of the defendant." *Id.* at 134. To address this concern, the CSA made any "transactions outside the legitimate distribution chain illegal." *Id.* at 135 (quoting H.R. Rep. No. 91-1444, p. 3).

Here, the conduct alleged in Count One states a federal offense under Sections 841 and 846 against Defendant as CEO of a wholesale distributor of controlled substances. Count One of the Indictment charges Defendant with using his position as CEO of RDC to direct sales staff and compliance personnel to fill orders and release shipments of controlled substances to pharmacy customers that Defendant and RDC knew were diverting the drugs from legitimate medical

distribution to illicit commercial trade. (Indictment at ¶¶ 3, 14, 16.) The plain language of the Section 841 assigns criminal liability to "any person" who knowingly or intentionally possesses with the intent to distribute or distributes a controlled substance. Similarly, the language of Section 846 makes "[a]ny person who . . . conspires to commit any offense" under Section 841 guilty of violating the statute. As alleged in the Indictment, Defendant is a designated "person" who is alleged to have directed RDC to sell controlled substances to customers that he knew were diverting those controlled substances outside of the legal chain of distribution. (Indictment at ¶¶ 14, 15, 19.) These allegations are sufficient to state a federal offense under Section 841. With regards to Section 846, the Indictment alleges that Defendant directed the RDC compliance personnel to make misrepresentations to the DEA about RDC's due diligence practices and controls against diversion. (*Id.* at ¶¶ 24-36.) The Indictment also alleges that Defendant directed RDC not to report thousands of suspicious orders for controlled substances from pharmacy customers to the DEA, and not to terminate suspicious customers. (*Id.*) These allegations are sufficient to state a federal offense under Section 846. The defendant therefore is subject to prosecution under these statutes.

Defendant, nevertheless, argues that because he is an employee of a wholesale drug seller, Defendant does not qualify as an individual liable under Sections 841 and 846. (Def.'s Count One Brief at 7-8.) However, the Supreme Court in *Moore* rejected this argument, stating that "only the lawful acts of registrants are exempted" from prosecution under the statutes. *Moore*, 423 U.S. at 131. As the offense conduct as alleged does not constitute any lawful act by a DEA registrant, Defendant is not exempt from prosecution under Sections 841 and 846.

Defendant also argues that Count One of the Indictment fails to state a federal offense because "deliberately decid[ing] not to investigate, monitor, or report to the DEA, pharmacy

6

customers that [Defendant] knew were diverting controlled substances for illegitimate use" does not fall within the parameters of the statute. (Def.'s Count One Brief at 8.) However, the Indictment does not just charge Defendant with failure to report red flags and suspicious behavior to the DEA. The Defendant is also charged with "direct[ing] RDC's continued distribution of controlled substances to . . . pharmacy customers that he knew were dispensing narcotics for illicit purposes." (Indictment at ¶ 19.) The Defendant is alleged to have conspired and acted in concert with others, both within and outside of RDC, and in so doing engaged in a multi-year conspiracy to distribute, and possess with the intent to distribute, controlled substances for purposes that he knew were outside of legitimate medical use. Count One therefore properly alleges illegal conduct under Section 841.

## B. 21 U.S.C. §841 is Not Unconstitutionally Vague as Applied to Defendant

Next, Defendant argues that Count One of the Indictment should be dismissed because it is unconstitutionally vague as applied to Defendant. (Def.'s Count One Brief at 26.) Defendant contends that he did not have adequate notice that his actions triggered a violation of 21 U.S.C. §841 because no other similarly situated defendant has been prosecuted under the statute. (Def. Notice of Motion dated October 1, 2019, ECF No. 12 at 26).

"A statute is unconstitutionally vague if it fails to define the unlawful conduct with sufficient definiteness that ordinary people can understand what conduct is prohibited, or if its vagueness makes the law unacceptably vulnerable to arbitrary enforcement." *U.S. v. Requena*, 980 F.3d 30, 39 (2d Cir.)(internal citation omitted). *See also Collautti v. Franklin*, 439 U.S. 379, 390 (1979) ("As a matter of due process, a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute, or is so indefinite that it encourages arbitrary and erratic arrests and convictions, is void for vagueness.") A statute

is vague as applied where "the law in question cannot constitutionally be applied to the challenger's individual circumstances." *Requena*, 980 F.3d 30. Constitutional vagueness challenges are evaluated based "on the facts of the given case and not on a speculative application of the statute." *United States v. Burden*, 600 F.3d 204, 228 (2d Cir. 2010) (rejecting constitutional challenge where, based on the facts, defendant "had sufficient notice that his conduct subjected him to the penalties associated with the [] statute").

Here, the plain language of the statute is sufficiently definite to give a person of ordinary intelligence fair notice that the conduct alleged in Count One of the Indictment was illegal. As set forth in detail above, the plain language of Section 841 is broad, applying to "any person" who "knowingly or intentionally" "distribute[s] . . . a controlled substance," and Section 846 applies to anyone who conspires to distribute controlled substances. The Indictment alleges that Defendant conspired with others to distribute controlled substances to pharmacy customers that Defendant knew were diverting the drugs to individuals with no medical need. (Indictment at ¶ 14.) In doing so, Defendant is alleged to have directed controlled substances outside the legal chain of distribution, which the Supreme Court stated was a violation of Section 841 for which DEA registrants could be liable. *Moore*, 423 U.S. at 143 (rejecting the idea drug wholesalers and manufactures were exempt from prosecution under Section 841 as DEA registrants); *see also Quinones*, 536 F. Supp. 2d at 274 ("By its terms, § 841(a)(1) creates a sweeping prohibition on distribution of controlled substances, subject to a relatively narrow exception for distribution within the usual scope of professional practice.") As *Moore* unambiguously held, in 1985, DEA registrants can be prosecuted under Section 841 for their part in diverting controlled substances outside of the legal chain of distribution. The statute is not unconstitutional as applied to such conduct as alleged in the Indictment.

## IV. DEFENDANT'S SECOND MOTION TO DISMISS THE INDICMENT IS DENIED

In his second motion to dismiss, Defendant argues that he cannot be prosecuted under Section 841 or 18 U.S.C. § 371, which he characterizes as general crime theories, for the conduct alleged in the Indictment because more specific federal regulatory statutes prohibit and penalize Defendant's offense conduct. (Def.'s Memorandum of Law in Support of Motion to Dismiss Indictment ("Def.'s Indictment Brief"), ECF No. 64, at 2, 7.) In support of this position, Defendant cites *U.S. v. Dowling.* 473 U.S. 207, 209-214.

In *Dowling*, the defendant was convicted of violating the National Stolen Property Act, 18 U.S.C. § 2314, which prohibited the interstate transportation of goods that have been "stolen, converted or taken by fraud." *Dowling*, 473 U.S. at 208. The issue before the Court in *Dowling* was whether §2314 applied to "the interstate shipments of bootleg and pirated sound recordings and motion pictures whose unauthorized distribution infringed valid copyrights." *Id.* The Court began its inquiry by first looking at the language of the statute. *Id.* Concluding that the language of the statute was "ill-fitting" and did not "plainly and unmistakably" prohibit the alleged conduct, the Court "turn[ed] to consider whether the history and purpose of §2314 evinc[ed] a plain congressional intention to reach intestate shipments of goods infringing copyrights." *Id.* at 218. Finding no evidence that Congress intended § 2314 to apply to copyright infringement, the Court held that defendant could not be prosecuted under that statute for the offense conduct. *Id.* at 228.

The Supreme Court's decision in *Dowling* does not apply to Defendant's case because the language of Sections 841 and 371 plainly and unmistakably applies to offense conduct alleged in Counts One and Two of the Indictment. With respect to Count One, the Indictment alleges that RDC and the Defendant are "persons" as defined in the Controlled Substances Act. As a "person," the Defendant is alleged in the Indictment to have knowingly and intentionally conspired to

9

distribute controlled substances in an illegal manner. (Indictment at ¶¶ 3, 14, 16.) Sections 841 and 846 apply to Defendant's conduct, and he may properly be prosecuted under them. Similarly, with regard to Count Two, the Indictment alleges that the defendant conspired to defraud the DEA by attempting to obstruct and hinder the DEA's oversight of RDC. (Indictment at ¶¶ 24, 28, 33.) Section 371 of the U.S. Code states that "[i]f two or more persons conspire . . . to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both." As Defendant is alleged to have directed RDC not to report thousands of suspicious orders by customers, in violation of statutory and regulatory requirements, and caused RDC to make material misrepresentations to the DEA about its due diligence practices and controls against diversions, Section 371 applies to Defendant's conduct, and he may properly be prosecuted under it.

Defendant argues that the Government's prosecution under Section 841 and 371 is improper because *Dowling* states that when the Government is faced with a choice between prosecuting under "a rule which is narrowly tailored" to the criminal conduct alleged and a "generalized prohibition with a harsher penalty" the Government must prosecute under the "narrowly tailored" rule "absent a clear showing of congressional intent to do otherwise." (Def.'s Indictment Brief at 12.) Defendant's argument is based on a mistaken reading of *Dowling*. In *Dowling*, the Supreme Court found that where the language of the statute to be applied is "ill-fitting" to the offense conduct, a court must look at whether Congress in fact intended the statute to apply to the offense conduct. 473 U.S. at 218, 228. However, the *Dowling* Court did not hold that an inquiry into Congressional intent is required where the language of the statute clearly and unmistakably applies to the offense conduct. *Id.* Accordingly, this Court's inquiry into whether

Defendant can be prosecuted under the statutes ends with the finding that the statute clearly and unmistakably applies.

In addition, it is settled law that the existence of a specific regulatory or statutory provision is not a bar to a prosecution under 21 U.S.C. § 841, and by extension 18 U.S.C. § 371. In *Moore*, the Supreme Court considered the very objection the defendant raises here and held that it was "immaterial whether [the defendant] also could have been prosecuted for his violation of [other] statutory provisions" because "[t]here is nothing in the statutory scheme or the legislative history that justifies a conclusion that a registrant who may be prosecuted for the relatively minor offense of violating [a regulatory section of the Act] is thereby exempted from prosecution under § 841 for the significantly greater offense of acting as a drug 'pusher.'" 423 U.S. at 138.

Accordingly, because Sections 21 U.S.C §841 and 18 U.S.C. §371 apply to the offense conduct, Defendant's prosecution thereunder is not unconstitutional or otherwise improper despite the existence of federal regulatory statutes that Defendant's alleged conduct also violated.

### V. Conclusion

Defendant's motions to dismiss Count One of the Indictment, (ECF No. 12), and to dismiss the entire Indictment, (ECF No. 61), are DENIED. The Clerk of Court is directed to close the motions accordingly.

Dated: January 5, 2022
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge