

Robert C. Gottlieb & Associates PLLC
Trinity Building
111 Broadway, Suite 701
New York, NY 10006
Tel: (212) 566-7766 · Fax: (212) 374-1506
www.robertcgottlieblaw.com
New York · Rome

January 5, 2022

**VIA ECF**
The Honorable Judge George Daniels
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

RE: *United States v. Laurence Doud III*, 19 Cr. 285 (GBD)

Dear Judge Daniels:

As you know, this law firm represents Laurence Doud in the above-referenced criminal matter currently scheduled to begin trial on January 12, 2022. First, we sincerely hope and trust that Your Honor is doing well and is in good health.

Second, in advance of tomorrow's conference, we write to present several issues upon which we would like to more full elaborate on the record. For the reasons discussed below, and as we are prepared to explain, we are compelled to request that the trial be adjourned until mid-February, consistent with the current orders being issued by federal district courts in the region where jury trials are at issue.

1. **COVID-19 VARIANTS ARE LIKELY TO HAVE A SUBSTANTIAL IMPACT ON THE PROGRESS OF A TRIAL BEGINNING NEXT WEEK**

There is no question that the Omicron variant of the COVID-19 virus is raging through this country and, particularly New York City ("NYC"), at an unprecedented rate. Last week it was reported that one out of every 50 NYC residents had contracted COVID-19 and during December 2021 the transmission rate of COVID-19 increased tenfold.[1] With the holiday season just now culminating, health experts are expecting the next few weeks to set records with respect to **new** infections. Accordingly, as a precaution, several federal district courts have already issued orders adjourning all hearings and jury selection until February 1, 2022 at the earliest, some much later. For example, the district courts in **Connecticut**, **New Jersey**, **Maryland**, **Washington, D.C.** and **California** have all issued stays based on the "alarming surge in infections," and noting that

---

[1] Author Not Credited; *1 in 50 Manhattan Residents Infected with COVID in the Last Week*; NBC News, December 28, 2021:
https://www.nbcnewyork.com/news/coronavirus/1-in-50-manhattan-residents-infected-with-covid-in-the-last-week/3470148/

"[t]here is no way to conduct jury trials right now with huge increase in COVID cases."[2] The orders filed in each district clearly note that the adjournments are due to the impact of the surge in COVID-19 cases. Individual criminal cases in both the Eastern District of New York as well as the District of Massachusetts were also delayed due to the Omicron variant. Attached hereto are the above-referenced orders marked as Ex. A-G.

Related, the COVID-19 surge causes serious concerns regarding Mr. Doud's due process right to a trial by a jury of his peers representing a fair cross-section of the district. We contacted the Jury Administrator for the Southern District Courthouse to inquire as to whether an unusual percentage of jurors recently ordered to report for jury selection failed to appear. We were told that this information could only be provided pursuant to a court order. Nevertheless, we respectfully submit that no matter what impact on jurors' reporting to the courthouse for jury selection has been in the past, the present alarming number of Covid infections will certainly have a negative impact on the number of jurors who will report for jury service **and remain healthy during the course of weeks of testimony.** Further, we anticipate that COVID-19 will impact some potential jurors' ability to get to the federal courthouse; **last week three separate NYC subway lines were shut down due to staffing shortages related to the virus.**[3]

Moreover, with respect to jurors that report to the courthouse and are able to effectively navigate tragic issues, we are yet further concerned that **the Southern District of New York does not require that potential jurors be vaccinated or boosted against COVID-19.** While the Tenth Amended Standing Order prohibits any symptomatic person, or person who has been exposed to the virus, from entering the courthouse, continuing now will inevitably mandate that unvaccinated persons closely associate with both other unvaccinated persons in addition to vaccinated individuals. This has the potential to cause a serious health situation for members of the jury, attorneys and court personnel considering the expected length of this trial and the pace at which individuals in New York City and the surrounding areas are contracting the Omicron variant.

It is profoundly more likely that a juror, alternate, attorney, court officer, court reporter, deputy, Mr. Doud or witness will contract COVID-19 during the course of this trial than remain healthy during the trial. This is a unique situation unlike anything any of us have seen in the past. We cannot simply replace an ill juror with an alternate and continue with the trial. If even one participant in the trial falls ill with COVID-19, it would be necessary to declare a mistrial and for all parties to quarantine to stem the spread of infection.

---

[2] Raymond, Nate; *Federal, State Courts Increasingly Cancel January Trials Citing Omicron*; Reuters, January 4, 2022:
https://www.reuters.com/legal/government/federal-state-courts-increasingly-cancel-january-trials-citing-omicron-2022-01-04/.

[3] Author Not Credited; *3 NYC Subway Lines Suspended Due to COVID Staffing Shortages, Testing Being Offered in Some Stations*; ABC Eyewitness News, December 30, 2021:
https://abc7ny.com/nyc-mta-staff-shortage-subway-covid-testing/11405969/

## 2. THE NUMBER OF SUBSTANTIVE PENDING MOTIONS ALSO PRESENTS GOOD CAUSE FOR ADJOURNMENT

Because of the complexity of the issues in this case, there remain four outstanding motions pending decisions (the most recent motion, filed January 3, 2022 is pending the Government's response), and the defense believes that based on recently received §3500 productions, additional pre-trial motions will be necessary. The following motions are currently on the Docket:

- Government Motion *in Limine*, Filed December 17, 2021;
- Defense Motion *in Limine*, Filed December 17, 2021;
- Defense Motion to Disqualify Government Trial Team, filed December 20, 2021; and
- Motion to Preclude Witness Testimony, filed January 3, 2022.

All but one of these motions has been fully briefed and their adjudication is critical to appropriate preparation for this trial. The defense submits that additional hearings and oral arguments are necessary to resolve the issues in the defense motion to disqualify, the motions *in limine*, and the motion to preclude witness testimony. These motions interpose serious and novel arguments and require contemplative consideration. Again, the decisions issued on these motions will have significant impact on how both parties prepare for trial with sufficient time to incorporate the Court's rulings into both overall trial strategy as well as specific elicited testimony and evidentiary exhibits.

## 3. THE GOVERNMENT APPROACH TO PRODUCTON OF §3500 MATERIAL HAS EXCEEDED ANY REASONABLE NORM

On November 18, 2021, the Court endorsed the parties' agreed-upon scheduling order which provided, *inter alia*, that all *Jencks* materials in the Government's possession would be produced to the defense on December 15, 2021. Certainly, the defense expected there to be additional *Jencks* productions subsequent to the agreed-upon date, as *Jencks* material would necessarily be generated in the time period between December 15, 2021 and the start of the trial, which would be produced on a rolling basis.

However, the Government has, over the past two-to-three weeks, produced, on a near-daily basis, additional *Jencks* material which has been in the Government's possession long before the agreed upon production date. While some proffer notes and other documents have been included that were generated subsequent to the December 15, 2021 date for production, the large majority of the productions, hundreds of documents and thousands of pages, existed long before December 15, 2021. **As recently as this morning, we received yet another §3500 production containing several documents which date back to 2018 and relate to a witness who has no relevance to this trial.**

One of the major concerns which has arisen as a result of the late §3500 productions is clear indication that the Government has changed its entire theory of prosecution on the eve of

3

trial. The Government has *always* held, and represented to the Court and counsel during the September 1, 2021 oral argument on the second motion to dismiss, that Mr. Doud's co-conspirators in this case were only Rochester Drug Co-Operative, Inc. ("RDC") employees (*See* Tr., at 20:1-3 "So the government at trial is going to prove that the defendant knowingly joined the conspiracy with other RDC employees"). At the last moment, just a few days prior to trial, the defense has come to realize after poring over the recently data-dump style document productions that the Government plans to call pharmacy owners as well as addicts and street-level narcotics dealers as part of their case-in-chief. Notably, some of these witnesses' names did not ever appear in this case until after the December 15, 2021 *Jencks* deadline. As of today, the defense has not been afforded sufficient time to conduct its own investigation either of the Government's new theory of the case or documents and witnesses in support of this previously undisclosed theory. The introduction of this new *Jencks* material may even necessitate the defense obtaining a new expert to address some of the issues which now appear to be a part of the Government's case-in-chief. Should this case go to trial on January 12, 2022, Mr. Doud will have been prevented from having a sufficient opportunity to investigate and prepare a defense.

For these reasons, we believe that in the interest of the health and safety of all persons involved, and to fully ensure that Mr. Doud's trial preserves his due process rights to a fair and impartial jury and that he is afforded the ability to investigate and present a vigorous defense, the trial should be adjourned to mid-February.

We sincerely thank this Court for its consideration and appreciate the chance to discuss these issues at tomorrow's conference.

Respectfully submitted,

ROBERT C. GOTTLIEB
& ASSOCIATES PLLC

By: ____/S/_____
Robert C. Gottlieb, Esq.

Enc.

Cc:   Nicolas Roos, Esq.
Alexandra Rothman, Esq.
Thomas Burnett, Esq.
Assistant United States Attorneys (via ECF)

Robert C. Gottlieb & Associates PLLC · Trinity Building · 111 Broadway, Suite 701 · New York, NY 10006 · Tel: (212) 566-7766 · Fax: (212) 374-1506
www.robertcgottlieblaw.com