UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

        -against-

LAURENCE F. DOUD III,

                Defendant

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

*JAN 12, 2022*

MEMORANDUM DECISION
AND ORDER

19 Crim. 285 (GBD)

GEORGE B. DANIELS, United States District Judge:

Before the Court is Defendant's motion to disqualify all members of the Government's trial team. Defendant alleges that Assistant U.S. Attorney Thomas Burnett has a disqualifying conflict of interest based on his representation of a party adverse to Defendant's former employer, Rochester Drug Cooperative, Inc. ("RDC"), when Burnett was in private practice. Defendant alleges that the rest of the Government's trial team must also be disqualified due to spillover taint based on Burnett's alleged conflict. Defendant's motions for disqualification are denied.

Defendant argues that AUSA Thomas Burnett should be disqualified from the Government's trial team because, while in private practice at Kirkland & Ellis LLP, AUSA Burnett represented pharmaceutical manufacturers in two patent antitrust litigations against a class of plaintiffs, which included Defendant's former employer RDC. (Defendant's Memorandum of Law in Support of Disqualification ("Defendant's Brief"), ECF No. 103, at 3.) Defendant contends that AUSA Burnett's role in those actions, opposing the class that RDC and its co-plaintiffs sought to certify, gave him access to discovery materials which are subject to a protective order and

inaccessible to Defendant. (Defendant's Brief at 4.) In particular, Defendant points to Rule 30(b)(6) depositions of him and RDC employee Joseph Brennan, a person the Government has identified as an unindicted co-conspirator in connection with this action. (*Id.*) Defendant argues that Burnett's representation of the pharmaceutical manufacturers in the antitrust litigation gave him access to "potentially critical information about RDC for the purposes of this criminal trial, including statements made by alleged co-conspirators that might, in turn, inform the questioning of the witnesses by the Government, as well as a strategy for the Government's proposed financial experts." (*Id.* at 4.) Defendant claims that this access to confidential information creates overwhelming prejudice to Defendant and is sufficient to justify disqualification from an ethics perspective. (*Id.* at 4.) Defendant further claims that AUSA Burnett's alleged conflict in this case warrants the disqualification of the remaining members of the Government's trial team due to spillover taint. (*Id.* at 17.)

In opposition, the Government argues that disqualification is not warranted because AUSA Burnett did not represent Defendant or RDC while in private practice, nor did he receive privileged information from either party. (Government's Memorandum in Opposition to Defendant's Motion to Disqualify ("Government Opp."), ECF No. 106, at 8.) The Government also argues that access to confidential information produced pursuant to a protective order does not warrant disqualification where, as here, the criminal action involves different issues than the civil antitrust litigation identified by Defendant. (*Id.* at 12.) In addition, the Government argues that the ethical rules and considerations cited by Defendant are not implicated here, and regardless, they are insufficient a basis to support disqualification. Finally, the Government argues that disqualification of the Government's entire trial team is not warranted because Defendant has not identified any specific taint caused by AUSA Burnett's alleged conflict. (Government Opp. at 17.)

2

Disqualification is warranted where an attorney's conduct "undermines the court's confidence in the vigor of the attorney's representation of his client" or "is at least potentially in a position to use privileged information concerning the other side through prior representation . . . thus giving his present client an unfair advantage." *Bd. of Ed. of City of New York v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979). However, disqualification is disfavored in this Circuit, and "unless an attorney's conduct tends to taint the underlying trial by disturbing the balance of the representations in one of the two ways indicated above, courts should be quite hesitant to disqualify an attorney." *Id.* Moreover, the appearance of conflict alone is generally insufficient to warrant disqualification. *Id.* at 1247 (holding that "when there is no claim that the trial will be tainted, appearance of impropriety is simply too slender a reed on which to rest a disqualification order except in the rarest cases")

Disqualification is not warranted here because AUSA Burnett did not represent Defendant or RDC in connection the antitrust litigation, and therefore was not in a position to receive privileged information concerning Defendant. *Nyquist*, 590 F.2d at 1246. Because AUSA Burnett did not receive privileged information concerning Defendant, there is no risk that his conduct could disturb the balance of representation and taint the trial imminently scheduled to begin. *Id.*

Defendant argues that even though AUSA Burnett was not in a position to receive privileged information from Defendant, or even RDC, the fact that he was in a position to receive confidential information concerning the antitrust litigation is sufficiently improper to warrant disqualification from an ethics perspective. (Defendant's Brief at 4.)[1] However, the Second

---

[1] In support, Defendant cites to *United States v. Huawei Tech. Co. Ltd.*, 18-CR-457 (AMD), 2020 WL 903007, at *3 (E.D.N.Y. Feb. 25, 2020). However, that case is inapplicable since the disputed issue there was whether an attorney who had served as Deputy Attorney General of the United States while the named defendant was being investigated by the government was in a position to use information obtained during that investigation to unfairly benefit his client.

3

Circuit has held that the appearance of impropriety alone is not a basis for disqualification absent any actual conflict, which Defendant has not identified with any semblance of specificity. *Nyquist*, 590 F.2d at 1247. Similarly, violations of the rules of ethics, absent any risk to the balance of the representations between the Government and Defendant, are insufficient to warrant disqualification in this Circuit. *Id.* (reversing disqualification and relegating the question of attorney conduct to other appropriate proceedings due to immediate disruption of litigation caused by disqualification); *see also W.T. Grant Co. v. Haines*, 531 F.2d 671, 677 (2d Cir. 1976) ("The business of the court is to dispose of litigation and not to act as a general overseer of the ethics of those who practice here unless the questioned behavior taints the trial of the cause before it.")

As Defendant has not articulated any actual conflict which would warrant the disqualification of AUSA Burnett, there is no basis to disqualify him or the remainder of the trial team on the basis of spillover taint.

Defendant's motions to disqualify the government's trial team, (ECF No. __), is DENIED. The Clerk of Court is directed to close the motion accordingly.

Dated: January 12, 2022
New York, New York

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

4