M223douf

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4                v.                        19 Cr. 285 (GBD)

5   LAURENCE F. DOUD III,

6                Defendant.
                                          Trial
7   ------------------------------x

8                                         New York, N.Y.
                                          February 2, 2022
9                                         3:00 p.m.

10  Before:

11
                     HON. GEORGE B. DANIELS,
12
                                          District Judge
13                                        -and a Jury-

14                      APPEARANCES

15  DAMIAN WILLIAMS
         United States Attorney for the
16       Southern District of New York
    BY:  NICOLAS T. ROOS
17       ALEXANDRA ROTHMAN
         THOMAS S. BURNETT
18       Assistant United States Attorneys

19  ROBERT C. GOTTLIEB
    DERRELLE M. JANEY
20  PAUL R. TOWNSEND
         Attorneys for Defendant

21
    Also Present:  Sunny Drescher
22                 Jacqueline Hauck
                   Paralegal Specialists
23                 Special Agent George Burdzy, DEA
                   Investigator Kathleen Whitmore, DEA
24

25

M223douf

<table>
<tr><td>1</td><td>(Trial resumed; jury not present)</td></tr>
<tr><td>2</td><td>THE COURT:  Ladies and gentlemen, we have a note from</td></tr>
<tr><td>3</td><td>the jury, "We need to know the unit of measurement in Exhibit</td></tr>
<tr><td>4</td><td>GX 908A."</td></tr>
<tr><td>5</td><td>My understanding is that you can't agree on how to</td></tr>
<tr><td>6</td><td>respond to this.</td></tr>
<tr><td>7</td><td>MR. JANEY:  If we can give some context, your Honor,</td></tr>
<tr><td>8</td><td>just to frame it.</td></tr>
<tr><td>9</td><td>First of all, good afternoon, your Honor.</td></tr>
<tr><td>10</td><td>The exhibit that was requested is Exhibit 909.</td></tr>
<tr><td>11</td><td>Exhibit 909 refers at the top in the header to Exhibit 908A.</td></tr>
<tr><td>12</td><td>Specifically it says fentanyl sales to pharmacies in GX 908A.</td></tr>
<tr><td>13</td><td>So, presumably, the jury is looking at this, and they want what</td></tr>
<tr><td>14</td><td>it refers to.  And Exhibit 908A refers to dosage units as the</td></tr>
<tr><td>15</td><td>units of measurement.  That's all it makes reference to is</td></tr>
<tr><td>16</td><td>dosage units.  Then the question becomes what are dosage units.</td></tr>
<tr><td>17</td><td>The dosage units are not defined within Exhibit 908A.</td></tr>
<tr><td>18</td><td>THE COURT:  Is it defined in the evidence before the</td></tr>
<tr><td>19</td><td>jury?</td></tr>
<tr><td>20</td><td>MR. JANEY:  No, your Honor.  The evidence does not</td></tr>
<tr><td>21</td><td>define dosage units.  There is some other testimony that talks</td></tr>
<tr><td>22</td><td>in terms of grams, but dosage units are not defined by the</td></tr>
<tr><td>23</td><td>testimony admitted in evidence.</td></tr>
<tr><td>24</td><td>THE COURT:  Does the jury have 908A with them?</td></tr>
<tr><td>25</td><td>MR. JANEY:  No, your Honor, it does not.</td></tr>
</table>

M223douf

1          THE COURT:  Where is 908A.  Let me see.

2          MR. JANEY:  If I can, 908A is a series of slides.

3          THE COURT:  So, what from the government's perspective

4    are dosage units?

5          MR. BURNETT:  I think that the disagreement is a

6    little bit different than Mr. Janey's framed it.  He's correct

7    that the unit on 908A is dosage units, and we agree with

8    Mr. Janey that there is not in evidence any further definition

9    of how to define dosage units.

10         So I think a correct beginning to the answer to the

11   question should be, that the units in 908A is dosage units,

12   period.

13         I think what the government is concerned about is that

14   if we could pull back up 909.  So 909 is the exhibit that the

15   jurors currently have with them.  But because this was a

16   printout of a spreadsheet, it doesn't have an exhibit sticker

17   on it.  So the jurors currently don't know this is Exhibit 909.

18   So our concern is that they're looking at this, seeing a

19   reference to 908A at the top, and are thinking that they're

20   looking at 908A, and are asking what the units on this

21   spreadsheet are, which are grams, not dosage units.

22         So what the government would propose is saying the

23   answer to the question is the units in 908A are dosage units,

24   period.  To be clear, the exhibit that you have, the printout

25   of a spreadsheet, is Government Exhibit 909, not 908A.  909

M223douf

1    reflects grams.

2           MR. JANEY:  We object to that.  Number one, this chart

3    does not anywhere on it that I can see, unless I need to put my

4    glasses back on, it doesn't mention grams.  If I can finish.

5    It doesn't mention grams at all.

6           THE COURT:  So the exhibit that is not 909 that was

7    admitted into evidence doesn't say grams?

8           MR. JANEY:  It does not say grams, and I don't want to

9    develop factual explication for the jury to help provide a

10   platform for the answer.

11          MR. BURNETT:  Your Honor --

12          THE COURT:  What did we send them in response to their

13   request?

14          MR. BURNETT:  We sent them 909 which is what you have

15   on the screen right now.

16          THE COURT:  Is that what they asked for, 909?

17          MR. JANEY:  Yes.

18          MR. BURNETT:  They didn't ask for anything.  They

19   asked for the chart that was shown in closing.

20          MR. JANEY:  I think, your Honor, there is no question

21   that the substance and the parties agreed, so this isn't open

22   to debate.  What the parties agreed is what the request

23   elicited is this exhibit on the screen in front of your Honor.

24   That's not subject to debate.  Number one.

25          Number two, the chart that they asked for does not say

M223douf

1      grams anywhere on it.  I understand that the government's

2      concern is they may think that they have 908A and they don't.

3      But, that doesn't seem right to me.  I think they are clearly

4      inferring they don't have 908A and they are asking for it.

5      Because the top of the chart in the header is saying this

6      relies on data that is in -- and I am reading it literally --

7      in GX 908A.  So they are saying, get me 908A.  We are saying

8      great.  We can give you 908A.  But 908A in terms of the unit in

9      measurement is dosage units.

10             THE COURT:  You want to do what in response to this?

11             MR. JANEY:  I want to give them 908A, which is what I

12     believe that they have asked for.

13             THE COURT:  Okay.  Well, they didn't ask for 908A.

14             MR. JANEY:  Or the units of measurements, the answer

15     to that question is dosage units.

16             THE COURT:  That's what I am trying to figure out,

17     what you want to do or say?

18             MR. JANEY:  That's all I want to say is dosage units.

19     I don't have a -- that's not my problem.

20             MR. BURNETT:  Your Honor, two things.  First,

21     Mr. Janey is correct that 909 does not literally say grams, but

22     there is testimony in evidence that says 909's units are grams.

23     We can refer them to that testimony.  Again, Mr. Janey is

24     correct that 908A is dosage units.  I think it a little odd

25     they would ask for a unit of measurement in a chart they

M223douf

haven't seen.  So we have a real concern if we just send back

dosage units as the answer, they'll have this chart, which is

not 908A in front them, and think they are looking at dosage

units, which would be false.

THE COURT:  The way you just said it, I'm not sure

it's true.  You say an exhibit that they haven't seen.  You

don't mean that.  You mean an exhibit that's not in the jury

room currently.

MR. BURNETT:  That's correct.

THE COURT:  They've seen 908A.

MR. BURNETT:  Our concern is if they mistakenly think

they have 908A with them, then sending back dosage units

would --

MR. JANEY:  They clearly can't be mistaken they have

908A.  It refers to the top, it clearly is indicating that the

data in -- that 908A is a separate document.

THE COURT:  So how do I explain that to them?

MR. JANEY:  I think, your Honor, from the defense

perspective we answer their question.  The --

THE COURT:  We shouldn't explain that to them?

MR. JANEY:  They've seen this many times before.

THE COURT:  It doesn't matter if they've seen it.

They are asking for further evidence that they want to --

MR. JANEY:  The evidence that they are asking for, the

answer to that is dosage units.  We should answer their

M223douf

1    question.

2              THE COURT:  Well, where is the testimony that relates

3    to these documents?

4              MR. BURNETT:  The document that says that 909 reflects

5    grams is -- sorry.  I'm having trouble reading.

6              MS. ROTHMAN:  So, your Honors, that's my poor

7    penmanship.  It comes up twice.  It the comes up in Kerry

8    Whitmore's testimony, that's 674, line 1, through 677, line 13.

9    And then, it comes up in Sarah Rosenberg's testimony.

10             THE COURT:  Wait.

11             MS. ROTHMAN:  674, line 1.

12             THE COURT:  674, line 1.

13             MS. ROTHMAN:  Through 677, line 13.

14             THE COURT:  I'm not, I'm sorry.  I'm confused.  That's

15   not what I see here.  What is the question on the transcript?

16             MS. ROTHMAN:  I need to get my --

17             MR. JANEY:  Your Honor, I know your Honor is looking

18   and the government is seeking copies of the transcript.  I will

19   say from the defense perspective, I don't recall the first

20   witness that the government is now discussing in answer to your

21   question referring to this exhibit as an explication --

22             MS. ROTHMAN:  If I can --

23             THE COURT:  The page that I have does not refer to

24   this exhibit.

25             MS. ROTHMAN:  If I can just take a moment to explain

M223douf

1    and it may speed things up.

2          So if the Court recalls, Ms. Whitmore spoke about an

3    underlying document that had all of the fentanyl sales, that's

4    what she's talking about in 348A.  She explains that that

5    document has grams as the unit of measurement.  We don't need

6    her entire testimony, it can be a line, where she says it is

7    grams.  But if you want to see the scope of her testimony where

8    she talks about 348A involving grams, you are going to see it

9    in the pages --

10          THE COURT:  Well, you are confusing me, because they

11   are not asking about 348A.

12          MS. ROTHMAN:  Let me explain.

13          THE COURT:  And the exhibits that we are discussing

14   are 908A, and 909.

15          MS. ROTHMAN:  You're right.  If I can, your Honor.

16   What she's talking about 348A and she says it's grams.  Sarah

17   Rosenberg says that she takes 348A, and filters for certain

18   information.  That is 909.

19          THE COURT:  Where is that testimony, because that's

20   not reflected --

21          MS. ROTHMAN:  Sure.

22          THE COURT:  One cannot read the transcript 674 and

23   glean that from that transcript.

24          MS. ROTHMAN:  So, then if you look at 1488, line 3,

25   our paralegal has the relevant portions on the screen, your

M223douf

Honor.

THE COURT:  It's too small for me to read it.

MS. ROTHMAN:  We can try and make it bigger.

THE COURT:  1488.  I have the transcript.

MS. ROTHMAN:  And Mr. Burnett asks:  Can you briefly describe what's in Government Exhibit 348A?

THE COURT:  Okay.

MS. ROTHMAN:  And Ms. Rosenberg says:  It's pharmacies, the amount of fentanyl and the summation column.

She's referring to 348A, which Ms. Whitmore has already said is grams.  She doesn't specify grams here, but she's referring to 348A.  And if you go down a little more, on line 22, Mr. Burnett says:  I am going to show you Government Exhibit 909.  There's two sheets.

She explains that 909 is an excerpt from 348A.  And then it's admitted.

THE COURT:  Where does that say this is grams?

MR. JANEY:  It doesn't, your Honor.  That's the problem.

MS. ROTHMAN:  Thank you, Mr. Janey.  I think it does. Because --

THE COURT:  Where?

MS. ROTHMAN:  Well, Ms. Whitmore says that 348 is grams.  Ms. Rosenberg says I took 348, and I filtered it, and I made 909.  So, I think you put the two things together, your

M223douf

Honor.

THE COURT:  How am I supposed to explain that to a jury?

MS. ROTHMAN:  You point them to the transcript cite.

THE COURT:  The transcript doesn't reflect that.

MS. ROTHMAN:  I think it does.

THE COURT:  It says I am going to show you what's been marked as Government Exhibit 909.  And then where does it say that Government Exhibit 909 is in grams?

MS. ROTHMAN:  Your Honor --

MR. JANEY:  It doesn't.

MS. ROTHMAN:  Mr. Janey, I have waited for you.

THE COURT:  Don't talk to him.  Talk to me.

MS. ROTHMAN:  Thank you, your Honor.

Ms. Rosenberg does not say the express words that 909 is in grams that I've seen, but I can go back and check.  It may have been asked on cross-examination.  What she does say is that she took 348A, and filtered it, and she made 909.  And 348A is described as grams by Ms. Whitmore.

So if we are asking what the unit of measurement is in 909, which we think the jury may be thinking about, even though they used 908A, we don't think it's improper to just say, and there's a couple of ways to do this, but to point them to the portions of the transcript that address unit of measurement with respect to 909.

M223douf

| | |
|---|---|
| 1 | THE COURT:  Show me in 908A, and show me what you sent |
| 2 | in as 909. |
| 3 | MR. JANEY:  Can we put it on the screen? |
| 4 | THE COURT:  I want it physically because I want to |
| 5 | know whether or not the jury should have this. |
| 6 | MR. JANEY:  If I can.  Our position is it is improper |
| 7 | to speculate as to what the jury needs and give them something |
| 8 | on a speculative basis.  The question that the jury has asked |
| 9 | is specific.  There is a specific answer to the jury's |
| 10 | question.  If there is a document to give the jury, which they |
| 11 | have not asked for, but if there is a scope of giving them a |
| 12 | document in support of their question, that only document would |
| 13 | be 908A.  Because it specifically states the answer to the |
| 14 | question that they are seeking, which is what are the units of |
| 15 | measurement in support of the chart that they have, which is |
| 16 | 909.  That specific unit of measurement is dosage units. |
| 17 | THE COURT:  Wait. |
| 18 | MR. BURNETT:  I think I have a compromise that may be |
| 19 | able to satisfy Mr. Janey. |
| 20 | THE COURT:  I doubt it. |
| 21 | MR. JANEY:  I am not usually satisfied. |
| 22 | MR. BURNETT:  Our concern is based merely on the |
| 23 | fact -- |
| 24 | THE COURT:  What's your solution? |
| 25 | MR. BURNETT:  The solution is we give them 908A, and |

M223douf

1    we give them another copy of 909 that has a sticker on it so

2    it's clear what they are looking at.

3            THE COURT:  What did you give them in response to what

4    request -- give me the note when they asked for this.  What is

5    that you say they asked for that you gave them this?

6            MR. BURNETT:  Last time they asked for the charts,

7    they asked for a couple things, but one of the things they

8    asked for was the charts that were used on summation about

9    fentanyl weight.  That was Government Exhibit 909 which is on

10   the screen.  Because we had used this as a spreadsheet, there

11   wasn't, there is not a copy of it that we had a sticker on.  So

12   we gave them a printout of the spreadsheet, but that printout

13   did not have a GX sticker on it.

14           I think a solution might be just to give them 908A,

15   which has a sticker on it as Mr. Janey is proposing, but also

16   give them another printout of 909 with a GX 909 sticker on it.

17   That way if it says 908A, it says dosage units.

18           MR. JANEY:  Just to come back to it.  I don't have an

19   objection to putting a sticker on 909 which is the document

20   we've already provided.  Okay.  Which deals with the question,

21   the response to their question on fentanyl weight in the prior

22   note.

23           With respect to the next step, they didn't ask for

24   908A.  So, I only want to answer their question, which is units

25   of measurement which is dosage units.  They don't need --

M223douf

| | |
|---|---|
| 1 | THE COURT:  You don't want to tell them that the |
| 2 | measurement in 909 is grams? |
| 3 | MR. JANEY:  It doesn't say it. |
| 4 | THE COURT:  I didn't ask you that.  You don't want to |
| 5 | tell them that? |
| 6 | MR. JANEY:  No, your Honor. |
| 7 | THE COURT:  That's all I'm trying to understand. |
| 8 | MR. JANEY:  The answer is no.  To provide the basis, |
| 9 | part of what I'm hearing and what I believe, even prior to this |
| 10 | colloquy, is the specific answer was not elicited.  Dosage |
| 11 | units were not explained.  Nowhere does it say that this is |
| 12 | talking in terms of grams on that exhibit. |
| 13 | THE COURT:  You disagree that the record reflects that |
| 14 | this is in grams, and you don't think that that evidence is |
| 15 | before the jury? |
| 16 | MR. JANEY:  Number one, I'd have to look back at the |
| 17 | transcript to the testimony about 348, which is an entirely |
| 18 | different exhibit.  So, the short answer is I don't know the |
| 19 | answer to that standing here.  I'd have to look back at the |
| 20 | transcript. |
| 21 | THE COURT:  Well -- |
| 22 | MR. JANEY:  They didn't ask for 348. |
| 23 | THE COURT:  You got two choices.  You can either agree |
| 24 | on what I should send in, and how I should send it in, or I am |
| 25 | going to bring this jury out and I am going to explain it to |

M223douf

1    them.  That's your choices.  I am not going to keep them

2    ignorant, and I am going to explain to them and I am going to

3    tell them if they want something more than that, then they

4    should let us know.

5         I'm perfectly prepared to say, look, what you have is

6    909.  That document is measured in grams.  This is 908, and 908

7    is just unit dosages.  So if you want something more than that,

8    that answers your question, then that's the answer to your

9    question.  If you want something more than that, then tell me,

10   tell us what else you want and we'll send in whatever else you

11   want or answer any further questions that you have.

12        I can explain it to them or you guys can agree on what

13   should go in and what we should say on a piece of paper if we

14   send it in and we can do it that way.

15        Those are your two choices.

16        MR. JANEY:  Can I ask a question.  Can I for me, and I

17   am asking you to help me.  Where does the record show that 909

18   is expressed in grams?

19        THE COURT:  I don't know.  I don't know.

20        MR. JANEY:  My concern --

21        THE COURT:  They tell me it does show it.

22        MR. JANEY:  I hear an assertion.

23        THE COURT:  Let's put that aside for a second.

24        If the record does show that, what do you want to do?

25        MR. JANEY:  If the record does show that, your Honor,

M223douf

1  the record shows that.  But --

2          THE COURT:  If the record does show that, what do you

3  want to do?

4          MR. JANEY:  If the record shows that, there is no

5  reason to haul the jury out and to explain it to them.  If the

6  record shows that, then we can include that as part of the

7  answer.

8          I'm not hearing that the record definitively shows

9  that 909 expresses in terms of grams.  And my concern is if

10  that is unclear from the record, either by further explication

11  of 909, physically on a note or bringing them here, it's not

12  proper for that explanation to be given, and I know your Honor

13  agrees with that.

14          MR. BURNETT:  I think the jury should decide if it's

15  clear or not.  We should give them the pages of the transcript.

16  And if Mr. Janey is right that it's unclear, the jury will find

17  out it's unclear.

18          THE COURT:  What is the specific page and line that

19  designates it as grams?

20          MR. BURNETT:  Two steps, your Honor.

21          THE COURT:  Don't give me two steps.  Answer my

22  question first before you get to the two step.  I am asking

23  about a one step.  All right.  Is there a portion of the

24  transcript that refers to grams?

25          MR. BURNETT:  So, there is a portion that refers to

M223douf

1    grams.

2              THE COURT:  Where is that?  What page is it on?

3              MR. BURNETT:  Two steps to get from there.

4              THE COURT:  Is there a portion of the transcript that

5    says grams?

6              MR. BURNETT:  Yes.

7              THE COURT:  Show me where it is.  Tell me what page.

8    What page and line is that.

9              MR. ROOS:  676, line 25.

10             MR. JANEY:  Can you repeat that, Mr. Roos?

11             THE COURT:  676, line what?

12             MR. ROOS:  25.

13             THE COURT:  Okay.  So, the question is, in line 20,

14   "So, according to this chart" and what is the chart that is

15   being referred to here?

16             MR. ROOS:  348A.

17             THE COURT:  Okay.  "According to this chart, what's

18   the total amount of fentanyl weight that RDC sold to its

19   customers between 2012 and 2016?

20   "A.    A total weight of 11,476.72.

21   "Q.  Of what?

22   "A.  Grams, sorry."

23             That's the testimony that went along with which chart?

24             MR. JANEY:  348.

25             MR. BURNETT:  348A.

M223douf

| | |
|---|---|
| 1 | THE COURT:  Do they have 348 with them? |
| 2 | MR. ROOS:  We didn't send that one back. |
| 3 | THE COURT:  Where is 348.  Show me 348. |
| 4 | MR. BURNETT:  348A. |
| 5 | THE COURT:  348A was not responsive to their request |
| 6 | at that time? |
| 7 | MR. ROOS:  Well, I mean -- |
| 8 | MR. BURNETT:  It wasn't specifically used during the |
| 9 | summation.  Basically what happened, and as Ms. Rosenberg |
| 10 | testified what she did is she took 348A, took an excerpt of |
| 11 | 348A and that was 909.  And they asked -- 909 was responsive to |
| 12 | their question.  That's why it's two steps. |
| 13 | THE COURT:  And you sent them 909? |
| 14 | MR. BURNETT:  Yes. |
| 15 | THE COURT:  How many pages is 909? |
| 16 | MR. BURNETT:  Two. |
| 17 | THE COURT:  And 909 is what in relationship to -- |
| 18 | MR. BURNETT:  909 reflects two excerpts from 348A. |
| 19 | THE COURT:  When you say excerpts, what do you mean? |
| 20 | MR. BURNETT:  If you pull up 348A, you see it is |
| 21 | labeled, there's row labels which has pharmacies listed.  Then |
| 22 | it's years 2012 to 2016 and a grand total line. |
| 23 | THE COURT:  When you say excerpt, you mean just |
| 24 | literally a portion of that page? |
| 25 | MR. BURNETT:  Yes, I'm explaining. |

M223douf

1           MR. JANEY:  No.

2           MR. BURNETT:  If you go to 909 now, all of the same

3      rows are there.  The same rows, the same years, the grand

4      total.

5           THE COURT:  Is that exactly the way it looks on the

6      other document?

7           MR. JANEY:  No.

8           MR. BURNETT:  We excerpted.

9           THE COURT:  When you say excerpted, did you just lift

10     it literally in the way it was or did you reconfigure it?

11          MR. JANEY:  No.

12          MR. BURNETT:  We lifted -- here, for example, look at

13     ProHealth Pharmacy.

14          THE COURT:  Give me the two documents.  Give me

15     physically the two documents.

16          MR. BURNETT:  I can explain on the screen.

17          THE COURT:  You are not explaining it very well for me

18     to explain it to the jury.  Give me the two documents.  Let me

19     see the two documents.

20          MR. BURNETT:  We need to print out 348A.

21          THE COURT:  I'm not here to go through acrobatics to

22     explain this to the jury.

23          MR. BURNETT:  We just lifted lines from one and put it

24     in the other.  It is copy and pasting.

25          MR. JANEY:  It's not.

M223douf

1          MR. BURNETT:  Mr. Janey is just wrong.

2          THE COURT:  Since it's not in front of me, I have no

3   idea what you are talking about.

4          MR. BURNETT:  Okay.

5          MR. ROOS:  We are going to print out copies of both

6   these with the exhibit stickers, and then we can all walk

7   through it together.

8          THE COURT:  How long is 908A?

9          MR. BURNETT:  It's going to be long.  We never printed

10   it before.

11          Sorry.  908A is on the screen.  348 --

12          THE COURT:  How many pages is that?

13          MR. ROOS:  That's eight.

14          MS. ROTHMAN:  Would your Honor like a copy of 908A?

15          THE COURT:  Yes, I'd like a copy of all three of these

16   documents that you say are necessary for the jury to figure out

17   what this means.

18          (Pause)

19          THE COURT:  Just give me the front page, if you have

20   it already, the front page of 278.

21          MR. JANEY:  Are you referring to 348, your Honor?

22          THE COURT:  348A.  Do you have the front page?

23          MS. ROTHMAN:  We'll print a copy of it.

24          MR. ROOS:  Our other paralegal is downstairs printing

25   it out.

M223douf

| | |
|---|---|
| 1 | THE COURT:  Do you have the front page? |
| 2 | MS. ROTHMAN:  I don't.  We are going to get copies of |
| 3 | it right now, your Honor. |
| 4 | THE COURT:  You say 909 is what you sent in? |
| 5 | MR. BURNETT:  Yes. |
| 6 | THE COURT:  And how many pages is that? |
| 7 | MR. ROOS:  Two. |
| 8 | THE COURT:  And there's no government exhibit number |
| 9 | on that document? |
| 10 | MR. BURNETT:  That's right.  Because it was a |
| 11 | spreadsheet when we presented to the jury, and we forgot to put |
| 12 | a sticker on it when we brought it back to them. |
| 13 | THE COURT:  Was it admitted in evidence? |
| 14 | MR. BURNETT:  Yes. |
| 15 | MR. JANEY:  There is no dispute about that, your |
| 16 | Honor. |
| 17 | MR. ROOS:  We think at least we should give them a new |
| 18 | copy with a sticker on it. |
| 19 | MR. JANEY:  The defense doesn't object to that, your |
| 20 | Honor. |
| 21 | THE COURT:  That's at least what we need to do.  So, |
| 22 | do we have a government sticker that says 909 on it that you |
| 23 | can put on that two-page document? |
| 24 | MS. ROTHMAN:  Yes. |
| 25 | THE COURT:  Is there a sticker on 248A? |

M223douf

1              MR. JANEY:  348A.

2              THE COURT:  Sorry.  348A.

3              MR. BURNETT:  If we were to print it, we would put a

4    sticker on it.

5              THE COURT:  We don't have a sticker on it?

6              MR. BURNETT:  It's never been printed.

7              THE COURT:  It was admitted in evidence as a

8    spreadsheet like this one?  You never put a sticker on it?

9              MR. BURNETT:  We'll do it now.

10             THE COURT:  I am asking the question you never did it.

11   Right?  That's my question.

12             MR. ROOS:  Correct.

13             THE COURT:  So there is no physical document right now

14   that has that exhibit number on it.

15             MR. BURNETT:  It has a sticker saying that exhibit on

16   it, yes.

17             THE COURT:  Right.  Okay.  908A is how many pages?

18             MR. JANEY:  It's a multipage, it's eight pages, your

19   Honor.

20             THE COURT:  And 909 is how many pages; two?

21             MS. ROTHMAN:  Two pages, yes.

22             THE COURT:  And 348A is how many pages?

23             MR. BURNETT:  We don't know the answer yet until it

24   prints out.

25             THE COURT:  Is it more than 10?

M223douf

| | |
|---|---|
| 1 | MS. ROTHMAN:  So, your Honor, there are two sheets to |
| 2 | 348A.  The first sheet should be able to be printed.  The |
| 3 | second sheet has 9,000 lines on it -- 90,000 lines, which we |
| 4 | cannot print.  But I think the relevant portion is that first |
| 5 | sheet which we are printing right now. |
| 6 | THE COURT:  The first, when you say the first sheet. |
| 7 | That's the first page? |
| 8 | MS. ROTHMAN:  No, if you think of an except, there's |
| 9 | two sheets at the bottom so you can toggle between sheets.  I |
| 10 | think it is probably easier to answer that question once we |
| 11 | have the document in front of us. |
| 12 | MR. JANEY:  I think it's fair to say that sheet one is |
| 13 | a page.  It's going to be on one sheet of paper.  It is a page. |
| 14 | THE COURT:  Sheet one of 348A. |
| 15 | MR. JANEY:  Yes.  Sheet one is the equivalent of a |
| 16 | page.  It's just an Excel Workbook. |
| 17 | THE COURT:  Well, unless you give me some reasonable |
| 18 | alternative to be able to give the jury something that's useful |
| 19 | to them in response to their request, this is what I propose to |
| 20 | do.  I propose to get those documents, and I propose to bring |
| 21 | the jury out.  And I propose to say directly to them, 908A is |
| 22 | not the document that you have in the jury room.  The unit of |
| 23 | measurement in 908A is dosage units.  What you have before you |
| 24 | is 909, which is taken from 348A.  The unit of measurement in |
| 25 | those two exhibits is grams. |

M223douf

1         MR. JANEY:  If I can just ask your Honor, and this is

2    where I need the help.  And it's only on the last component.  I

3    don't believe that there's been a clear demonstration that 348A

4    refers to 909, such that 348 defines the unit of measurement in

5    grams.

6         THE COURT:  You dispute that fact?

7         MR. JANEY:  I don't know that fact.

8         THE COURT:  No, you want to avoid my questions here.

9    My questions are always very specific.

10        MR. JANEY:  I dispute it.

11        THE COURT:  Do you dispute that fact?

12        MR. JANEY:  I dispute it because it's not in the

13   record.

14        THE COURT:  Do you dispute that fact?

15        MR. JANEY:  Yes.

16        THE COURT:  That 909, which is taken from 348A, that

17   the unit of measurement in those two exhibits is grams?

18        MR. JANEY:  In 348A.

19        THE COURT:  You say it is not.

20        MR. JANEY:  In 348A, yes.  348A measures in grams.

21        THE COURT:  And 909 is taken from 348A.  And 909 is

22   measured in grams, right?

23        MR. JANEY:  I think that's the question.

24        THE COURT:  Is that true?

25        MR. JANEY:  I don't know that's true.

M223douf

<table>
<tr><td>1</td><td>THE COURT:  Why would you not know that's true if it</td></tr>
<tr><td>2</td><td>is the exact same exhibit taken from that exhibit?</td></tr>
<tr><td>3</td><td>MR. JANEY:  I think that's what the government is</td></tr>
<tr><td>4</td><td>trying to show as we stand here and wait for the paper.</td></tr>
<tr><td>5</td><td>THE COURT:  You think you are disputing that?</td></tr>
<tr><td>6</td><td>MR. JANEY:  Your Honor, I can't say that I dispute or</td></tr>
<tr><td>7</td><td>agree with something --</td></tr>
<tr><td>8</td><td>THE COURT:  I don't know why.  You've both been in the</td></tr>
<tr><td>9</td><td>same courtroom listening to same testimony and you are trying</td></tr>
<tr><td>10</td><td>to tell me that I shouldn't tell the jury that.</td></tr>
<tr><td>11</td><td>MR. JANEY:  The testimony of the witnesses have not</td></tr>
<tr><td>12</td><td>been -- certainly the first witness that's being referred to by</td></tr>
<tr><td>13</td><td>the government for the purposes of this offer of proof is not</td></tr>
<tr><td>14</td><td>that these two documents match.  I don't know how -- your</td></tr>
<tr><td>15</td><td>Honor --</td></tr>
<tr><td>16</td><td>THE COURT:  You contend these two documents don't</td></tr>
<tr><td>17</td><td>match?</td></tr>
<tr><td>18</td><td>MR. JANEY:  The witness --</td></tr>
<tr><td>19</td><td>THE COURT:  You contend these two documents, that the</td></tr>
<tr><td>20</td><td>evidence in this case demonstrates that these two documents</td></tr>
<tr><td>21</td><td>don't match?</td></tr>
<tr><td>22</td><td>MR. JANEY:  Your Honor --</td></tr>
<tr><td>23</td><td>THE COURT:  That's not your position, is it?</td></tr>
<tr><td>24</td><td>MR. JANEY:  I am going to be --</td></tr>
<tr><td>25</td><td>THE COURT:  Is that your position?</td></tr>
</table>

M223douf

| 1 | MR. JANEY:  I don't know how to formulate a position
| 2 | when I don't have the information.
| 3 | THE COURT:  That's not your position.  Right?  Your
| 4 | position is not that those two documents don't match.  That's
| 5 | not your position.  Is it?
| 6 | MR. JANEY:  My position is, I don't know.
| 7 | THE COURT:  Well, your avoidance tells me more than
| 8 | your answer.  I'm not playing games.
| 9 | MR. JANEY:  My comment earlier still stands.  If the
| 10 | record shows it is measured in grams, it is what it is.
| 11 | THE COURT:  It's not it is what it is.  I have to
| 12 | respond to a jury note.  You have to tell me how do I give them
| 13 | accurate information by responding to them that's useful to
| 14 | them during their deliberations.
| 15 | MR. JANEY:  If I can just see the physical documents.
| 16 | THE COURT:  I'm waiting for it now.
| 17 | MR. JANEY:  Then I can give a very clear answer.
| 18 | MR. BURNETT:  I can also read the transcript page
| 19 | where it says 909 comes from 348A.
| 20 | THE COURT:  And what page is that?
| 21 | MR. BURNETT:  That's 1488, line 6.
| 22 | THE COURT:  What did you say?
| 23 | MR. BURNETT:  Page 1488, line 6, and it goes until
| 24 | 1489, line 4.
| 25 | THE COURT:  1488, line 6.

M223douf

1          MR. BURNETT:  Until 1489, line 4.

2          MR. JANEY:  To what line, Mr. Burnett?

3          MR. BURNETT:  1488, line 6, to 1489, line 4.

4          THE COURT:  And the chart on 909, you say is lifted

5     from what page of 348A?

6          MR. BURNETT:  So, your Honor, I can't answer the page

7     because I've never actually seen the physical -- it's lifted

8     from what we've been calling sheet one of 348A.  That's where

9     it comes from.  I don't know what physical page that will match

10    up to.

11         THE COURT:  I'm trying to figure out for Mr. Janey's

12    edification whether or not if he looks at one document, and

13    compares it to the other document, it has the exact same

14    information on it.

15         MR. BURNETT:  I can tell you exactly what it is we did

16    to go from 348A to 909.  What we did is 348A has a pharmacy

17    listed and it has the fentanyl weight per year with a total at

18    the end.  What we did is for pharmacies, so a pharmacy like

19    ProHealth, we clicked on the row that said ProHealth in 348A,

20    copied it, and pasted it into 909.  That's what we did.  We did

21    that for eight pharmacies in the first chart on 909, and some

22    larger number for the second chart.

23         THE COURT:  Show me where 909 is the same as a portion

24    of 348A.  I'm trying to make sure I understand.  You are not

25    saying that 909 is literally exactly the way it is ordered in

M223douf

```
 1   348A?

 2              MR. BURNETT:  Not the same order.  It is the same

 3   information.

 4              THE COURT:  Not the same order.  So it is not lifted,

 5   it's not lifted word for word a portion of that page.

 6              MR. BURNETT:  It is.

 7              THE COURT:  It is a compilation of pages.

 8              MR. BURNETT:  It lists, it is a compilation of

 9   different lines from within 348.

10              THE COURT:  It is not a snapshot of 348A.  It is a

11   compilation put together from documents that are ordered in

12   relationship to each other differently than they are on 909.

13              MR. JANEY:  We would agree.

14              MR. BURNETT:  909 --

15              THE COURT:  I don't know why you guys don't answer my

16   question.  Answer my question.  Just tell me is that right or

17   not right.

18              MR. BURNETT:  I don't think it's susceptible to yes or

19   no answers.  I am not sure I understand the question.

20              THE COURT:  Everything is susceptible to a yes or no

21   answer.  Then you can explain.  Give me the yes or no and then

22   explain.  If you say, no, that's right not, tell me it's not

23   right.  If you say it's yes, that's right, tell me.  If you

24   have something else to add, tell me that.

25              MR. BURNETT:  If you look at 909, these eight
```

M223douf

1      pharmacies that are listed do not appear together in 348.

2              THE COURT:  That's what I'm asking.  I am not trying

3      to complicate this.  This is not a trick question.  I am trying

4      to get you to give me so I can do this, so we can get a verdict

5      from the jury.

6              MR. JANEY:  The defense would agree with that, your

7      Honor.

8              THE COURT:  Now, the information, Mr. Janey, the

9      information on 909, is there anything about the accuracy of

10     that information as reflected on 348A that you dispute?

11             MR. JANEY:  No, now that I've had an opportunity to

12     compare, no.

13             THE COURT:  Is it indisputable or not that 348A, the

14     numbers on 348A refer to grams?

15             MR. JANEY:  It appears from the rest of the record

16     that it is in grams.  But you do not discern that from these

17     exhibits.

18             THE COURT:  Is there any dispute as to whether or not

19     these numbers refer to grams?

20             MR. JANEY:  No.  The defense believes that the record

21     shows that this is grams, your Honor.

22             THE COURT:  Okay.  Now, the record shows that those

23     exact same numbers are on the 909.  Right?

24             MR. JANEY:  Yes, your Honor.

25             THE COURT:  Is there any dispute that the numbers on

1985

M223douf

 1   909 are in grams?

 2         MR. JANEY:  No, not at this point, your Honor.

 3         THE COURT:  So where's the fight?  Other than you just

 4   think it may advance their case and not advance your case.

 5   What's the legitimate fight?

 6         MR. JANEY:  Your Honor, our beginning position was --

 7         THE COURT:  I want to know your ending position.

 8         MR. JANEY:  Well --

 9         THE COURT:  What's the fight now?

10         MR. JANEY:  At this juncture, your Honor, there is no

11   fight.

12         THE COURT:  What do you want me to do?  I'm trying to

13   give you the choice.  What do you want me to do in order for

14   the jury to understand that the document that they have in

15   front of them is in grams?

16         MR. JANEY:  We should answer their direct question.

17         THE COURT:  You want me to bring them out or on a

18   piece of paper that you agree to?

19         MR. JANEY:  Your Honor, I think we can agree to a

20   piece of paper.  I don't think it's necessary to bring the jury

21   out for this, from the defense perspective.

22         THE COURT:  What do you want to say to them?

23         MR. JANEY:  That the document 908A, the unit of

24   measurement is dosage units.  That's one.  Two, that the

25   underlying document, referred by implication in with respect to

M223douf

1    908, 909, measures in grams.

2              THE COURT:  Okay.

3              MR. JANEY:  That's the defense's proposal.

4              THE COURT:  Do they have 348A in front of them?

5              MR. JANEY:  No, they do not.  Candidly, I don't

6    believe they need 348A to answer the question.  Either with

7    respect to the measure of units in 908A, and/or to understand

8    that 909 measures in grams for that purpose.  They don't need

9    348A and they didn't ask for it.

10             THE COURT:  Why can't we give them a note that says,

11   908A is not the document you have in the jury room.  The unit

12   of measurement in 908A is dosage units.  What you have before

13   you is 909.  The unit of measurement in 909, Exhibit 909, is

14   grams.

15             MR. JANEY:  Yes, the defense would agree, your Honor.

16             THE COURT:  And I propose what we do is we simply put

17   a sticker on Government Exhibit 908A, and a sticker on

18   Government Exhibit 909, and send it in with that note.

19             MR. JANEY:  The defense would agree, your Honor.

20             THE COURT:  Then that's all we need to know.

21             MR. JANEY:  We appreciate your help.

22             THE COURT:  Let's do that.

23             Did you say they had 908A in the jury room with them

24   or they do not?

25             MR. BURNETT:  Not yet, no.

M223douf

1           THE COURT:  But they do have 909?

2           MR. JANEY:  Yes, your Honor, they do.

3           THE COURT:  So, and then, Mr. Janey, you say we should

4    just dispense from even making reference to 348A?

5           MR. JANEY:  That's correct, your Honor, I don't

6    believe it's necessary.  They didn't ask for it.

7           THE COURT:  So if we can do that and get that to them

8    quickly so they can continue their deliberations with that

9    useful information.

10          Each side can sign this.

11          Another note from the jury.

12          They want some more documents now related to this.  So

13   here's another note from the jury.  Pull out what they have

14   asked for, they want a couple of other exhibits and they want

15   some testimony.

16          (Pause)

17          MS. ROTHMAN:  We'll get these, your Honor.

18          MR. JANEY:  Your Honor, the current request goes to

19   sort of a practical problem that I raised I think several days

20   ago.

21          THE COURT:  Keep your voice up.

22          MR. JANEY:  Sorry.  The weeks are blending at this

23   point.

24          But the underlying spreadsheet that's now being

25   requested, 268 is an extremely large Excel model.  It takes

M223douf

1    quite some time to actually load.  As a practical matter it is

2    impossible to print it to my understanding.  That's been the

3    experience for both the defense and I believe also for the

4    government.  It is conceivable, and I'm looking to the

5    government on this, to provide a laptop to the jury room.  But

6    I don't know any other way for them to see this data.

7              THE COURT:  What was presented to the jury, what did

8    they see?

9              MR. ROOS:  They saw a summary chart.

10             THE COURT:  They saw the summary chart?

11             MR. ROOS:  That summarizes, what they may be looking

12   at is some of the summary charts, including some of the ones

13   that went back, I think from two notes ago, referenced 268,

14   which is all RDC controlled substance sales data for every

15   single order.

16             MR. JANEY:  That's the large model that I'm making

17   reference to.  Our experience, at least from the defense, the

18   government may have a different experience, is that it takes

19   about five minutes for it to actually load on the computer.

20   And then they would have to actually physically look at it on a

21   computer.  But printing it is really not a possibility.

22             THE COURT:  So, like I said, what was shown to them on

23   the screen?

24             MR. JANEY:  A summary chart by the government, and

25   they have I believe the summary chart in the jury room, but

M223douf

1    they are asking for the underlying data set.

2              MR. BURNETT:  The same issue will apply for another

3    portion of their request which relate to order of interest data

4    that they saw a summary chart summarizing, but it seems they

5    are asking for the underlying materials.

6              MR. JANEY:  Again, so what we propose, at least from

7    the defense, your Honor, to address it, put this on the laptop,

8    we have it loaded, I suspect the government also has it loaded,

9    and to show them the underlying data set vis-a-vis the laptop.

10    They specifically asked for the underlying data.  That's the

11    request.  We anticipated that might happen.  And as your Honor

12    said at the time when I raised it, is we'll figure it out if

13    they ask for it.  Now they've asked for it.  Again I propose we

14    put it on the laptop and let them see it.

15              THE COURT:  How do you propose we do that?

16              MR. ROOS:  At least from the government's perspective,

17    we think we probably would be the ones providing the laptop.

18    It may take a -- let us work on that.  I think there are, there

19    is a transcript request and two other exhibit requests that we

20    can deal with easily, and I propose let's get that stuff to the

21    jury.  And then work on this sales data spreadsheet issue.

22              THE COURT:  Well, can you do two things at the same

23    time?  Give me everything else, and then try to pull together

24    what you say you can agree upon that goes into the jury room.

25    In the meantime, as you pull that together, I am going to go

M223douf

ahead and send them 909 and 908A.

MR. JANEY:  Can I make a suggestion, your Honor?

THE COURT:  Yes.

MR. JANEY:  Because, I'm addressing to you, but the government's listening.  With this current request, they're also asking for what is Exhibit 348A.

THE COURT:  They are asking for that now?

MR. JANEY:  We can give that to them.

THE COURT:  You don't want me to say anything about 348A with regard to these other documents?

MR. JANEY:  No, because that's not in the context of that particular request.

THE COURT:  All right.  So, what I would, I would say is that 348 -- let me go ahead and send in the first request.

MR. JANEY:  All right.

THE COURT:  We'll leave 348A unconnected to the first request.  Since they specifically asked for it in the second request.

MR. JANEY:  Thank you, your Honor.

(Pause)

MS. ROTHMAN:  Just a question thinking ahead.  If your Honor is going to send transcripts back to them, do you want us to prepare a copy that we will give to your clerk to send back or --

THE COURT:  If you two agree on the copies, you can

M223douf

 1    either give me a copy or we can copy it ourselves.  It doesn't

 2    matter.

 3              MS. ROTHMAN:  Okay.

 4              MR. ROOS:  We have a flash drive with this data.  We

 5    don't have a computer to put it on.  Is there a computer like

 6    this in the jury room or anything like that?

 7              THE COURT:  I don't think so.

 8              MR. ROOS:  From another trial during the pandemic

 9    there was a courthouse laptop.

10              THE COURT:  Do we have everything else?

11              MS. ROTHMAN:  Your Honor, on the transcript request,

12    there is a slight disagreement between the parties.  I can

13    explain what the government wants to go back and Mr. Janey can

14    argue for the defense.

15              THE COURT:  Tell me what they asked for and tell me

16    what you think.

17              MS. ROTHMAN:  The jury has asked for the fentanyl

18    purchase orders, which is 348A, we agree upon that.  We have

19    the document right here ready to go.

20              And they asked for transcript of her explaining said

21    sheet and regarding doses/grams.

22              So the parties agree that should start on 674, line 1.

23    I'll wait for your Honor to get there.  The 21st of January.

24              THE COURT:  Okay.  Who believes it should start on

25    line 1?

M223douf

1          MS. ROTHMAN:  The parties agree it should start there.

2     The government wants to go until 677, line 13.

3          MR. JANEY:  And --

4          THE COURT:  677, line 13.

5          MS. ROTHMAN:  Yes.  And the defense wants to stop on

6     676, line 25.  So the parties are only fighting about 677,

7     lines 1 through 13.

8          MR. JANEY:  The basis for it, your Honor, is that the

9     request from the jury is two fold.  One, they're requesting the

10    reference to fentanyl.  And the testimony from the transcript

11    explaining that particular exhibit, again, in the context of

12    fentanyl, and regarding the doses or grams.  So that's clear

13    from the testimony.  That's what Ms. Whitmore is testifying

14    about.

15         The further discussion below 676, line 25, the witness

16    is proceeding to a different topic.  She is discussing Subsys.

17    That is not in the orbit of the question presented in the jury

18    note.

19         THE COURT:  In what way does the government contend

20    that that portion is responsive to their request?

21         MS. ROTHMAN:  Yes, your Honor.  So the jury's asking

22    for explaining the sheet and regarding doses/grams.  And if you

23    look at line --

24         THE COURT:  Which one is this, explaining the sheet or

25    dosage/grams?

M223douf

1          MS. ROTHMAN:  Dosage/grams.  If you look at the

2     portion that we're disputing, line 9, how much fentanyl is in a

3     typical dose of Subsys?  100 micrograms.  To give some sense of

4     scope, how many doses of Subsys are in just 1 gram of fentanyl?

5     10,000.

6          I think that's precisely on point of doses to grams.

7          THE COURT:  You wanted to start where?

8          MS. ROTHMAN:  The parties agree it should start on

9     674, line 1.

10          THE COURT:  You don't think that is explained, that

11     that portion doesn't explain what they are asking for?

12          MS. ROTHMAN:  I think it does.  And I think --

13          THE COURT:  The portion before that?

14          MS. ROTHMAN:  I don't think the point of dosages to

15     grams is covered in the portion the parties agree upon.

16          THE COURT:  Where is the note?

17          MR. JANEY:  The note, the only thing that's making it

18     ambiguous, your Honor, I guess from the government's

19     perspective is that the note says doses/grams.  But the witness

20     in 674, line 1, to 676, line 25, is clearly talking about

21     fentanyl.  The jury note on the plain face, and we don't need

22     to read anything into it, is asking about an understanding

23     relating to fentanyl.  This jury has heard over two weeks

24     discussion about fentanyl, Subsys, oxycodone.  If they wanted

25     an understanding of Subsys, they'd ask for it.

M223douf

1          THE COURT:  What lines do you claim are responsive to

2     their request?

3          MR. JANEY:  674.

4          THE COURT:  Tell me specifically what information,

5     where is that, where is the information you say is responsive

6     to their request regarding doses/grams?

7          MR. JANEY:  The question, I'm reading from the

8     transcript on 676:

9     "Q.  So, according to this chart, what's the total amount of

10    fentanyl weight that RDC sold to its customers between 2012 and

11    2016?"

12         Now if I can pause there, your Honor.  That's the time

13    frame that the jury note is inquiring about.  That's one.

14         Two, to continue with the transcript.

15    "A.  A total weight of 11,476.72.

16    "Q.  Of what?

17    "A.  Grams, sorry."

18         That answers the question.  When you go down to 677,

19    which is what the government seeks to include, it's actually

20    now a different topic.  You can judge that by the nature of the

21    question in 677, line 1.

22    "Q.  Now, from your time in the DEA, are you familiar with a

23    product called Subsys?"

24         The government's gone on in that transcript to a

25    different area.  The area above, your Honor, answers the

M223douf

1   question to the jury note.  Again, the time frame in the

2   question in 676, line 20-22, is the time frame that relates to

3   the chart.  The prosecution is asking for an explication of the

4   chart in that question.

5          THE COURT:  What sheet are they referring to?

6          MS. ROTHMAN:  Your Honor, they're referring to 348A.

7   That's the exhibit.  But what I think Mr. Janey --

8          MR. JANEY:  If I can continue.  Yes, I agree with the

9   government, the exhibit that's being referred to is 348A.  But

10  again, in referencing the chart, your Honor, the question is

11  explicating the date time frame that's replicated on the face

12  of the jury note.  The jury is then asking about the weight,

13  the grams.  That answer is given.  They are asking in

14  connection with fentanyl.  The note on its plain face never,

15  ever, ever, uses the word Subsys.

16         MS. ROTHMAN:  Your Honor, if I may.  The question the

17  jury has posed is explaining for sheet, which is 348A, and

18  regarding doses per gram.  That question is directly answered

19  by lines 1 through 13 of page 677.

20         I think the Court knows that the active ingredient in

21  Subsys is fentanyl.  That's in the transcript portion.  They're

22  asking about doses per gram, and that's what's answered in the

23  additional 11 lines.  Despite --

24         THE COURT:  I agree with the government.  It will go

25  to that point.

M223douf

```
 1              MS. ROTHMAN:  We'll prepare those portions to go back
 2    to the jury.  Yes, your Honor?
 3              THE COURT:  Yes.  What about you have 268 ready?
 4              MS. ROTHMAN:  Yes.
 5              THE COURT:  And 252 to 261?
 6              MS. ROTHMAN:  I'm sorry.  With respect to the
 7    electronic exhibits, we have that here.
 8              THE COURT:  Which one are the electronic exhibits?
 9              MS. ROTHMAN:  It is 268 and -- let me get the exact
10    numbers.
11              MR. ROOS:  Everything on the note.
12              MS. ROTHMAN:  268 and 252 to 261.
13              THE COURT:  All of that?
14              MS. ROTHMAN:  That's on this.
15              MR. JANEY:  We agree with that.
16              THE COURT:  I need a laptop.  Can this work on an
17    iPad?
18              MR. ROOS:  It's all Excel, it's all Microsoft Excel.
19              MR. JANEY:  If I can just say in my own experience,
20    your Honor, I'm not so sure, given the volume of the data, that
21    that can effectively work on an iPad.
22              THE COURT:  All right.  Well, I don't have handy a
23    laptop.  So I have to --
24              What can I refer to these, what's on the computer, is
25    that a spreadsheet?
```

M223douf

1          MS. ROTHMAN:  They are spreadsheets; yes, your Honor.

2          MR. JANEY:  The other thing, your Honor, and I believe

3    as the government has prepared the disc drive, the Exhibit 348A

4    is also on this disc.  So they'll be viewing all of those

5    exhibits.

6          THE COURT:  Do they have exhibit numbers that identify

7    which exhibit is which so the jury knows what they are looking

8    at?

9          MS. ROTHMAN:  They do, yes.

10          THE COURT:  Do we have the transcripts ready?

11          MS. ROTHMAN:  We're getting them prepared right now.

12          THE COURT:  And the first request, is there something

13    different that's responsive to that?

14          MS. ROTHMAN:  First request?

15          THE COURT:  Is that part of what's on the laptop?

16          MR. JANEY:  It's part of what's on the laptop.  It's

17    the vast bulk of what will be on the laptop.

18          THE COURT:  Number one, all three things are on the

19    laptop.

20          MS. ROTHMAN:  Except for the transcript.

21          MR. JANEY:  We agree.

22          THE COURT:  We have another note.

23          MR. JANEY:  Did you say we had an additional note?

24          THE COURT:  Yes.

25          I have a note from the jury.  It reads, "We have

M223douf

1    arrived at a verdict and have no need for any further

2    exhibits."

3              Let's get everyone together so we can take the

4    verdict.

5              (Jury present time noted 3:50 p.m.)

6              THE COURT:  Ladies and gentlemen, we received your

7    note which says, "We have arrived at a verdict and have no need

8    for any further exhibits."

9              So I am going to ask the law clerk to ask the

10   questions of the foreperson and take the verdict from the

11   foreperson at this time.

12             LAW CLERK:  Will the foreperson please rise.

13             Count One.  How do you find the defendant Laurence F.

14   Doud with respect to the charge of conspiracy to unlawfully

15   distribute controlled substances?

16             THE FOREPERSON:  Guilty.

17             LAW CLERK:  Did the defendant Laurence F. Doud

18   conspire to unlawfully distribute oxycodone?

19             THE FOREPERSON:  Yes.

20             LAW CLERK:  Did the defendant Laurence F. Doud

21   conspire to unlawfully distribute fentanyl?

22             THE FOREPERSON:  Yes.

23             LAW CLERK:  What quantity of fentanyl did the

24   defendant Laurence F. Doud conspire to unlawfully distribute?

25             THE FOREPERSON:  400 grams, over 400 grams.

M223douf

|  | |
|---|---|
| 1 | LAW CLERK:  Count Two.  How do you find the defendant |
| 2 | Laurence F. Doud with respect to the charge of conspiracy to |
| 3 | defraud the Drug Enforcement Administration? |
| 4 | THE FOREPERSON:  Guilty. |
| 5 | THE COURT:  Hand me the verdict form. |
| 6 | Now, ladies and gentlemen, I want to thank you very |
| 7 | much for your jury service.  Obviously, jury service is one of |
| 8 | the most important duties we all have as citizens.  And I want |
| 9 | to thank you for the time you put into this case.  Usually, it |
| 10 | can be I know a major or minor disruption of your own |
| 11 | professional and personal lives.  And under the COVID |
| 12 | circumstances, I know it's even a greater burden.  So I thank |
| 13 | you for the time and attention that you gave to the case. |
| 14 | Mr. Gottlieb. |
| 15 | MR. GOTTLIEB:  May we poll the jury, please. |
| 16 | THE COURT:  Yes.  Poll the jury. |
| 17 | LAW CLERK:  Juror No. 1, is that your verdict? |
| 18 | JUROR NO. 1:  Yes. |
| 19 | LAW CLERK:  Juror No. 2, is that your verdict? |
| 20 | JUROR NO. 2:  Yes. |
| 21 | LAW CLERK:  Juror No. 3, is that your verdict? |
| 22 | JUROR NO. 3:  Yes. |
| 23 | LAW CLERK:  Juror No. 4, is that your verdict? |
| 24 | JUROR NO. 4:  Yes. |
| 25 | LAW CLERK:  Juror No. 5, is that your verdict? |

M223douf

| | |
|---|---|
| 1 | JUROR NO. 5:  Yes. |
| 2 | LAW CLERK:  Juror No. 6, is that your verdict? |
| 3 | JUROR NO. 6:  Yes. |
| 4 | LAW CLERK:  Juror No. 7, is that your verdict? |
| 5 | JUROR NO. 7:  Yes. |
| 6 | LAW CLERK:  Juror No. 8, is that your verdict? |
| 7 | JUROR NO. 8:  Yes. |
| 8 | LAW CLERK:  Juror No. 9, is that your verdict? |
| 9 | JUROR NO. 9:  Yes. |
| 10 | LAW CLERK:  Juror No. 10, is that your verdict? |
| 11 | JUROR NO. 10:  Yes. |
| 12 | LAW CLERK:  Juror No. 11, is that your verdict? |
| 13 | JUROR NO. 11:  Yes. |
| 14 | LAW CLERK:  Juror No. 12, is that your verdict? |
| 15 | JUROR NO. 12:  Yes. |

16        THE COURT:  Now, ladies and gentlemen, you are

17  discharged from any further jury service with the thanks of the

18  Court.  Stay healthy and we'll see you the next time.  Thank

19  you very much.

20        (Jury excused.  Time noted 3:54 p.m.)

21        THE COURT:  This was what I'd like to do.  I have

22  outstanding motions from the defense.  I'm going to give, if

23  the defense wants to supplement those motions at all, it should

24  do so no later than February 18.  The government should respond

25  to the outstanding motions by March 4.  And the defense should

M223douf

1    reply to that response by March 25.

2         And then I'll set it down tentatively for April 13 for

3    further argument, if there is to be further argument, and I'm

4    going to set a sentencing date for June 29 at 10 o'clock.

5         Anything further by the parties?

6         MR. GOTTLIEB:  We would ask that Mr. Doud be permitted

7    to continue to be released, based on the same terms as the bond

8    that's secured his release to date.

9         THE COURT:  Any objection?

10        MS. ROTHMAN:  No, your Honor.

11        THE COURT:  Then that will continue.

12        I'll see all the parties on April 13.  Or if we need

13   to meet before then, just let me know.

14        MR. GOTTLIEB:  Thank you.

15        (Adjourned)

16

17

18

19

20

21

22

23

24

25